INMAN, Judge.
 

 *352
 
 A trial court located in a county where a defendant resides and violates the terms of her probation is vested with jurisdiction to revoke the defendant's probation.
 

 Wanda Lee Regan ("Defendant") appeals judgments revoking her probation in two criminal matters. On appeal, Defendant argues that the trial court in Harnett County lacked subject matter jurisdiction to commence a probation revocation hearing because the probation originated in Sampson County. Defendant also argues that the trial court erred in failing to make statutorily required findings of good cause to revoke her probation. After careful review, we affirm.
 

 Factual & Procedural History
 

 The evidence presented before the trial court tends to show the following:
 

 On 16 March 2010 in Harnett County District Court, Defendant pled guilty in case number 09 CRS 054650, the case originating in Harnett County, to forging an instrument on 2 June 2009. The trial court accepted Defendant's plea and sentenced her to a minimum four months and a maximum six months imprisonment. The trial court suspended the sentence and placed Defendant on supervised probation for 24 months. Defendant's probation was supervised in the Harnett County Probation Office. In the Spring of 2011, Defendant's probation was supervised by Harnett County Probation Officer Sabrina Wiley.
 

 On 3 May 2010 in Sampson County Superior Court, Defendant pled guilty in case number 09 CRS 052339, the case originating in Sampson County, to attempted first degree burglary on 25 July 2009. The trial court accepted Defendant's plea and sentenced her to a minimum 23 months and a maximum 37 months imprisonment. The trial court suspended the sentence and placed Defendant on supervised probation for 24 months. Defendant's probation was supervised in the Harnett County Probation Office, but the record on appeal does not reflect that Defendant's probation case was transferred from Sampson to Harnett County.
 

 On 30 March 2011, Defendant spoke with Officer Wiley by phone and advised her that she had left North Carolina. Defendant refused to disclose her location.
 

 On 5 April 2011, Defendant failed to attend a scheduled meeting with Officer Wiley. Subsequently, on 14 April 2011, a warrant was issued in Harnett County for Defendant's arrest. On that same date, Harnett County Probation Officer Norma Wood-who was working
 
 *353
 
 as a surveillance officer tasked with locating people who had fled the jurisdiction-was assigned to locate and arrest Defendant.
 

 Officer Wood traveled to Defendant's last known address, a mobile home park in Angier, in Harnett County, where Defendant had lived with her aunt. Wood also visited Defendant's mother's home in Harnett County and called Defendant's daughter, who resided in Garner, North Carolina. Defendant's family members told Officer Wood that Defendant had left North Carolina, but did not disclose where Defendant was located.
 

 On 25 April 2011, Officer Wiley filed a Probation Report in Harnett County Superior Court in case number 09 CRS 054650, the case originating in Harnett County. The Probation Report
 
 *438
 
 alleged that Defendant failed to report for a scheduled appointment on 5 April 2011, was in arrears with regard to monetary obligations, and left the jurisdiction without permission.
 

 On that same date, Wiley filed a second Probation Report in Harnett County Superior Court in case number 11 CRS 00906. This case number corresponded with 09 CRS 052339, the case originating in Sampson County. The second Probation Report also alleged that Defendant failed to report for a scheduled appointment on 5 April 2011, was in arrears with regard to monetary obligations, and left the jurisdiction without permission.
 

 Defendant avoided probation supervision for more than four years after notifying Officer Wiley that she had left North Carolina. She surrendered to law enforcement authorities in Texas in late 2015 and was extradited to North Carolina. More than a month prior to her arrest in Texas, Defendant contacted Officer Wood by telephone and said she wanted to surrender, but Defendant would not disclose her location.
 

 The probation violation cases came on for hearing 27 January 2016 in Harnett County Superior Court, Judge C. Winston Gilchrist presiding. The State offered the testimony of one witness, Officer Wood, who by that time had been assigned to supervise Defendant's probation after Officer Wiley had been reassigned to another county. Defendant also testified at the hearing.
 

 Defendant admitted that she left North Carolina in 2011 and went to Texas. She also admitted to speaking with Officer Wood by telephone. At the conclusion of the probation violation hearing, the trial court found Defendant in willful violation of the terms and conditions of her probation, revoked her probation in both cases, and activated her suspended sentences.
 

 *354
 
 Defendant filed a timely notice of appeal. Defendant also filed a petition for writ of certiorari in the alternative, should this Court find her written notice of appeal defective.
 

 Appellate Jurisdiction
 

 As an initial matter, we must address this Court's jurisdiction. On 10 February 2016, Defendant filed a notice of appeal to this Court. The notice of appeal referred to an inaccurate judgment date, in violation of Rule 4 of the North Carolina Rules of Appellate Procedure.
 
 See
 
 N.C.R. App. P. 4(a) (2014) ("The notice of appeal required to be filed and served by subdivision (a)(2) of this rule shall specify the party or parties taking the appeal; shall designate the judgment or order from which appeal is taken and the court to which appeal is taken; and shall be signed by counsel of record for the party or parties taking the appeal, or by any such party not represented by counsel of record."). Defendant filed a petition for writ of certiorari seeking this Court's review notwithstanding her defective notice of appeal. "While this Court cannot hear [D]efendant's direct appeal, it does have the discretion to consider the matter by granting a petition for writ of
 
 certiorari
 
 ."
 
 State v. McCoy
 
 ,
 
 171 N.C.App. 636
 
 , 638,
 
 615 S.E.2d 319
 
 , 320 (2005). As such, we allow Defendant's petition for writ of certiorari and address her appeal on the merits.
 

 Analysis
 

 I.
 
 Trial Court Jurisdiction
 

 Defendant contends that the State failed to present sufficient evidence that the Harnett County Superior Court had subject matter jurisdiction to revoke probation in file number 11 CRS 00906, the case which originated in Sampson County. We disagree.
 

 A party may raise the issue of subject matter jurisdiction at any time.
 
 State v. Satanek
 
 ,
 
 190 N.C.App. 653
 
 , 656,
 
 660 S.E.2d 623
 
 , 625 (2008) (citation omitted). "Whether a trial court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal."
 
 McKoy v. McKoy
 
 ,
 
 202 N.C.App. 509
 
 , 511,
 
 689 S.E.2d 590
 
 , 592 (2010) (citation omitted).
 

 Section 15A-1344(a) of the North Carolina General Statutes -entitled "Authority to Alter or Revoke"-provides in pertinent part:
 

 Except as provided in subsection (a1) or (b), probation may be reduced, terminated, continued, extended, modified, or revoked by any judge entitled to sit in the court which imposed probation and who is resident or presiding in the district court district as defined in G.S. 7A-133
 
 *355
 
 or superior court district or set of districts as defined in G.S. 7A-41.1, as the case may be, where the sentence of probation was imposed,
 
 where the probationer violates probation
 
 ,
 
 or where the probationer resides
 
 .
 

 N.C. Gen. Stat. § 15A-1344 (2015) (emphasis added).
 

 Defendant argues that the State did not meet its burden of showing that 1) the Sampson
 
 *439
 
 County probation was transferred to Harnett County Superior Court and the Harnett County Superior Court thereafter issued its own probation order authorizing supervision of Defendant; 2) Defendant violated her probation in Harnett County; or 3) Defendant resided in Harnett County at the time of the violations. Defendant's argument is refuted by evidence that at the time she violated her probation by failing to pay supervision fees and by leaving the state, her residence was in Harnett County. Defendant's argument also is refuted by evidence that she violated her probation by failing to report for an appointment with her probation officer in Harnett County, thus vesting Harnett County Superior Court with jurisdiction to revoke Defendant's probation.
 

 "It is presumed, when the Court is not required to find facts and make conclusions of law and does not do so, that the court on proper evidence found facts to support its judgment."
 
 Sherwood v. Sherwood,
 

 29 N.C.App. 112
 
 , 113-14,
 
 223 S.E.2d 509
 
 , 510-11 (1976) (citations omitted). Here, it was reasonable for the trial court to find that Defendant resided in Harnett County. Defendant's last address known to the Harnett County Probation Office, which was supervising her probation, was in Harnett County. Defendant testified that Officer Wood had visited the mobile home in Angier where Defendant lived with her aunt to make sure that Defendant was at home during the curfew hours required by the terms of her probation. Defendant also testified that "I always have a home with my mother, yes." Defendant's mother lived in Harnett County at the time Defendant violated her probation.
 

 Moreover, the trial court also could have found as a fact, based on a reasonable inference from the evidence, that Defendant violated the terms of her probation in Harnett County when she failed to meet with Officer Wiley on 5 April 2011. Probation officers routinely schedule appointments with probationers at county probation offices, so that officers can meet with multiple probationers in a single day and complete office work while waiting for probationers to report for their appointments. By failing to appear for her appointment with Officer Wiley of the Harnett County Probation Office, Defendant committed a probation violation in Harnett County.
 

 *356
 
 In order to avoid disputes, uncertainty, and costly litigation, the better practice for probation officers is to specify on probation violation reports any address relevant to alleged probation violations, such as the last known address of a probationer who has left the jurisdiction without permission or the address of the probation office where a defendant failed to attend a scheduled meeting. Additionally, in a probation violation hearing, the better practice for the State is to introduce direct evidence of any address relevant to an alleged probation violation. In this case, the indirect evidence-sufficient to allow the reasonable inference that Defendant resided in Harnett County when she fled the jurisdiction and violated her probation in Harnett County by failing to meet with her probation officer there-supports the trial court's presumed findings necessary to support its judgment.
 

 Defendant also argues that the trial court had no jurisdiction to revoke her probation in the case originating in Sampson County because there is no record showing that her probation case was transferred from Sampson County to Harnett County. However, Defendant cites no controlling statute or precedent, nor are we aware of any requiring transfer of a probation case to the county where probation is ultimately revoked so long as the probationer resided in that county or violated probation in that county.
 

 Because the evidence supported the trial court's presumed findings that Defendant resided in Harnett County and violated the terms of her probation in Harnett County, we hold that the Harnett County Superior Court had subject matter jurisdiction to revoke Defendant's probation in 11 CRS 00906, the case originating in Sampson County.
 

 II.
 
 Requisite Findings
 

 Defendant contends that the trial court erred in revoking her probation after its expiration because it did not make adequate findings of fact. This argument is without merit.
 

 *440
 
 Section 15A-1344(f) of the North Carolina General Statutes -entitled "Extension, Modification, or Revocation after Period of Probation"-provides the four criteria that must be met for the trial court to extend, modify, or revoke probation after the probation term has expired:
 

 (1) Before the expiration of the period of probation the State has filed a written violation report with the clerk indicating its intent to conduct a hearing on one or more violations of one or more conditions of probation.
 

 *357
 
 (2) The court finds that the probationer did violate one or more conditions of probation prior to the expiration of the period of probation.
 

 (3) The court finds for good cause shown and stated that the probation should be extended, modified, or revoked.
 

 (4) If the court opts to extend the period of probation, the court may extend the period of probation up to the maximum allowed under G.S. 15A-1342(a).
 

 N.C. Gen. Stat. § 15A-1344(f). Defendant contends the trial court erred in failing to make any written or oral findings of good cause to revoke her probation. This argument is misplaced.
 

 Defendant relies on
 
 State v. Love
 
 ,
 
 156 N.C.App. 309
 
 ,
 
 576 S.E.2d 709
 
 (2003) for the contention that the trial court's failure to make the requisite findings of fact was error that renders the judgments void. However,
 
 Love
 
 involved a different statute, N.C. Gen. Stat. § 15A-1343.2(d) (2003), which requires the trial court to make "
 
 specific findings
 
 that longer or shorter periods of probation are necessary" to deviate from probation terms provided by that statute. N.C. Gen. Stat. § 15A-1343.2(d) (emphasis added). The statute at issue in this case does not require that the trial court make any specific findings. It simply provides that the trial court can alter probation after expiration of the period of probation has expired if "the [trial] court finds for good cause shown and stated that the probation should be extended, modified, or revoked." N.C. Gen. Stat. § 15A-1344(f)(3).
 

 A criminal defendant is subject to revocation of her probation for any violation committed prior to 1 December 2011:
 

 A hearing to revoke a defendant's probationary sentence only requires that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended. The judge's finding of such a violation, if supported by competent evidence, will not be overturned absent a showing of manifest abuse of discretion.
 

 State v. Young
 
 ,
 
 190 N.C.App. 458
 
 , 459,
 
 660 S.E.2d 574
 
 , 576 (2008) (citations and quotation marks omitted).
 

 *358
 
 The trial court complied with N.C. Gen. Stat. § 15A-1344(f)(3) by finding good cause to revoke Defendant's probation. Remaining in North Carolina was a condition of Defendant's probation. Defendant testified that she left the jurisdiction in 2011. Reporting for office meetings with her probation officer as directed was also a condition of Defendant's probation. The State presented competent evidence, the sworn affidavit of Officer Wiley, that Defendant failed to report as directed on 5 April 2011. Defendant testified that she did not return to North Carolina because "after talking to Ms. Woods, I mean, frankly, it scared the hell out of me, so I didn't come back." From the bench, the trial court announced, "I find the Defendant's in willful violation of the terms and conditions of her probation."
 

 Each of the judgments-09 CR 54650, the case originating in Harnett County, and 11 CRS 00906, the case originating in Sampson County-incorporates a corresponding violation report (both dated 25 April 2011) and indicates the specific paragraphs of the violation report which the trial court found as the basis for the finding that Defendant willfully violated the terms of her probation. Each judgment also includes a box checked by the trial court indicating that "[e]ach violation is, in and of itself, a sufficient basis upon which this Court should revoke probation and activate the suspended sentence." Both the transcript
 
 *441
 
 of the probation violation hearing and the judgments entered reflect that the trial court considered the evidence and found good cause to revoke Defendant's probation.
 

 Conclusion
 

 Because the trial court had jurisdiction and found good cause to revoke Defendant's probation, we affirm the orders revoking Defendant's probation.
 

 AFFIRMED.
 

 Judges CALABRIA and MCCULLOUGH concur.
 

 Judge Douglas McCullough concurred in this opinion prior to 24 April 2017.