CALABRIA, Judge.
*180 Billy Dean Morgan ("defendant") appeals by petition for writ of certiorari from judgments (1) revoking his probation and activating his suspended sentences; and (2) imposing costs and attorneys' fees. After careful review, we affirm the revocation of defendant's probation. However, since defendant was not given notice and an opportunity to be heard as to the final amount of attorneys' fees that would be entered against him, we vacate the civil judgment entered pursuant to N.C. Gen. Stat. § 7A-455 (2017) and remand to the trial court.
I. Background
On 28 August 2013, defendant pleaded no contest in McDowell County Superior Court to two counts of assault with a deadly weapon inflicting serious injury. The trial court sentenced defendant to two consecutive terms of 29-47 months in the custody of the North Carolina Division of Adult Correction. Pursuant to the terms of defendant's plea agreement, the trial court suspended his active sentences and placed him on 36 months of supervised probation.
On 12 May 2016, defendant's supervising officer ("Officer Poteat") filed reports alleging that defendant had willfully violated his probation by (1) failing to report as directed; (2) failing to pay his court and (3) supervision fees; and (4) committing a new criminal offense by incurring misdemeanor charges on 17 February 2016 for violating a domestic violence protective order ("DVPO"). An arrest warrant for a felony probation violation was issued that day. On 23 May 2016, Officer Poteat filed additional violation reports alleging that defendant had willfully absconded supervision. On 17 June 2016, defendant was arrested for violating his probation.
After defendant's probation expired on 28 August 2016, the trial court held a probation violation hearing on 9 September 2016. At the *181 beginning of the hearing, defendant admitted the allegations in the State's violation reports. When Officer Poteat subsequently testified for the State, he explained that defendant was admitted to Grace Hospital's mental health ward on 29 March 2016. After defendant failed to make himself available for supervision following his release from the hospital on 19 April 2016, Officer Poteat filed violation reports for absconding. In addition, Officer Poteat testified that defendant had been convicted of the DVPO violation "just *846 two weeks ago."[1] Defendant's appointed attorney contended that his recent noncompliance with probation was related to his mental health concerns.
After hearing from both parties, the trial court revoked defendant's probation "for absconding and for the conviction" and activated his suspended sentences. Before concluding the hearing, the trial court stated that a civil judgment would be entered for defendant's costs and fees.
II. Petition for Writ of Certiorari
On 16 September 2016, defendant filed a handwritten, pro se "Inmate Grievance/Request Form" with the McDowell County Jail stating, inter alia , that "[t]he Clerk of Supperior [sic] Court said this Notice of appeal must come to her. I wrote my appeal on Sep 10-16 why was this appeal gave back to me on 9-13-16." The record contains no other purported notice of appeal, and defendant's Inmate Grievance/Request Form is ineffective to serve that purpose. Defendant fails to "designate the judgment or order from which appeal is taken and the court to which appeal is taken[,]" and there is no evidence that the document was served upon the State. N.C.R. App. P. 3 (d)-(e) ; N.C.R. App. P. 4(b)-(c).
Despite his defective notice of appeal, on 30 May 2017, defendant filed a petition for writ of certiorari with this Court requesting review of the criminal and civil judgments entered by the trial court. Since it is evident from the Inmate Grievance/Request Form that defendant intended to appeal, in our discretion, we grant defendant's petition for writ of certiorari and proceed to the merits of his appeal. See N.C.R. App. P. 21(a)(1) (providing that "[t]he writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action").
*182 III. Probation Revocation
"[O]ther than as provided in N.C. Gen. Stat. § 15A-1344(f), a trial court lacks jurisdiction to revoke a defendant's probation after the expiration of the probationary term." State v. Moore , 240 N.C. App. 461, 463, 771 S.E.2d 766, 767 (2015) (citing State v. Camp , 299 N.C. 524, 527, 263 S.E.2d 592, 594 (1980) ). N.C. Gen. Stat. § 15A-1344(f) provides, in pertinent part:
The court may extend, modify, or revoke probation after the expiration of the period of probation if all of the following apply:
(1) Before the expiration of the period of probation the State has filed a written violation report with the clerk indicating its intent to conduct a hearing on one or more violations of one or more conditions of probation.
(2) The court finds that the probationer did violate one or more conditions of probation prior to the expiration of the period of probation.
(3) The court finds for good cause shown and stated that the probation should be extended, modified, or revoked.
N.C. Gen. Stat. § 15A-1344(f)(1)-(3).
Following the enactment of the Justice Reinvestment Act of 2011 ("JRA"), trial courts may only revoke probation when a defendant (1) commits a new criminal offense in violation of N.C. Gen. Stat. § 15A-1343(b)(1) ; (2) willfully absconds supervision in violation of N.C. Gen. Stat. § 15A-1343(b)(3a) ; or (3) violates any condition of probation after serving two periods of confinement in response to violations under N.C. Gen. Stat. § 15A-1344(d2). N.C. Gen. Stat. § 15A-1344(a).
A hearing to revoke a defendant's probationary sentence only requires that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended. The judge's finding of such a violation, if supported by competent evidence, will not be overturned *847 absent a showing of manifest abuse of discretion.
*183 State v. Young , 190 N.C. App. 458, 459, 660 S.E.2d 574, 576 (2008) (citations and quotation marks omitted).
On appeal, defendant first argues that the trial court erroneously revoked his probation after his 36-month probationary period expired on 28 August 2016, because the court failed to make any findings of "good cause" under N.C. Gen. Stat. § 15A-1344(f)(3). We disagree.
Defendant's argument is nearly identical to the one this Court rejected in State v. Regan , --- N.C. App. ----, 800 S.E.2d 436 (2017). Relying on State v. Love , 156 N.C. App. 309, 576 S.E.2d 709 (2003), the Regan defendant challenged the trial court's failure to make written or oral findings of good cause under N.C. Gen. Stat. § 15A-1344(f) before revoking her probation. Regan , --- N.C. App. at ----, 800 S.E.2d at 440. However, we determined that Love was inapposite, because it involved a different statute that requires the trial court to make "specific findings that longer or shorter periods of probation are necessary" before sentencing an offender to a period of probation beyond those expressly authorized by the statute. Id. (quoting N.C. Gen. Stat. § 15A-1343.2(d) (2003) ). We observed that unlike the statute at issue in Love, N.C. Gen. Stat. § 15A-1344(f) "does not require that the trial court make any specific findings ." Id. (emphasis added). Rather, the statute merely authorizes the trial court to "extend, modify, or revoke" probation after the defendant's probationary term has expired if the court finds "good cause shown and stated" for doing so. Id. (quoting N.C. Gen. Stat. § 15A-1344(f)(3) ).
In Regan , we reasoned that "[t]he trial court complied with N.C. Gen. Stat. § 15A-1344(f)(3) by finding good cause to revoke" the defendant's probation because:
Remaining in North Carolina was a condition of Defendant's probation. Defendant testified that she left the jurisdiction in 2011. Reporting for office meetings with her probation officer as directed was also a condition of Defendant's probation. The State presented competent evidence, the sworn affidavit of Officer Wiley, that Defendant failed to report as directed on 5 April 2011. Defendant testified that she did not return to North Carolina because "after talking to Ms. Woods, I mean, frankly, it scared the hell out of me, so I didn't come back."
Id. In open court, the trial court announced that it found the defendant "in willful violation of the terms and conditions of her probation." Id. The court's judgments included written findings that "[e]ach violation is, *184 in and of itself, a sufficient basis upon which this Court should revoke probation and activate the suspended sentence." Id. Accordingly, we concluded that "[b]oth the transcript of the probation violation hearing and the judgments entered reflect[ed] that the trial court considered the evidence and found good cause to revoke ... probation." Id. at ----, 800 S.E.2d at 440-41.
On appeal, defendant acknowledges Regan 's holding but nevertheless asserts that "the only reasonable and proper interpretation" of N.C. Gen. Stat. § 15A-1344(f)(3) "requires a trial court to make a specific finding of 'good cause shown and stated' in order to revoke probation...." Yet, as defendant recognizes, we are bound by this Court's prior published opinions. In re Appeal from Civil Penalty , 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").
Alternatively, defendant argues that the trial court failed to comply with N.C. Gen. Stat. § 15A-1344(f)(3) -"even under the looser interpretation" set forth in Regan -because the judgments do not include findings that "[e]ach violation is, in and of itself, a sufficient basis upon which this Court should revoke probation and activate the suspended sentence." We disagree.
The Regan defendant was placed on probation prior to the enactment of the JRA, when "trial courts had authority to revoke probation for a violation of any probation condition." State v. Moore , 370 N.C. 338, 843, 807 S.E.2d 550, 554 (2017). "After the JRA, *848 by contrast, only violations of any of the three conditions specified in N.C.G.S. § 15A-1344(a) are revocation-eligible." Id. Accordingly, the finding in Regan would have been erroneous in the instant case, given that only two of defendant's violations could have supported revocation. Instead, the trial court's judgments include the more appropriate finding that "[t]he Court may revoke defendant's probation ... for the willful violation of the condition(s) that he[ ] not commit any criminal offense, G.S. 15A-1343(b)(1), or abscond from supervision, G.S. 15A-1343(b)(3a)...."
Since defendant had not previously served any periods of confinement pursuant to N.C. Gen. Stat. § 15A-1344(d2), the trial court could only revoke his probation if he committed a new criminal offense or willfully absconded. N.C. Gen. Stat. § 15A-1344(a). The State alleged and the trial court found violations of both of these conditions. Although defendant challenges both violations on appeal, his arguments *185 are meritless. As previously explained, either violation would support revocation, and at the hearing, defendant admitted all of the State's allegations. After hearing from Officer Poteat and defendant's attorney, the trial court announced its decision to "revoke his probation for absconding and for the conviction." Consequently, "[b]oth the transcript of the probation violation hearing and the judgments entered reflect that the trial court considered the evidence and found good cause to revoke" defendant's probation. Regan , --- N.C. App. at ----, 800 S.E.2d at 440-41. Therefore, the trial court did not abuse its discretion by revoking defendant's probation.
IV. Costs and Attorneys' Fees
Defendant next argues that the trial court erred by entering a civil judgment for costs and attorneys' fees without providing him with notice and an opportunity to be heard as to the final amount of the attorneys' fees that may be imposed against him. We agree.
At sentencing, the trial court may enter a civil judgment against an indigent defendant for fees incurred by the defendant's court-appointed attorney. N.C. Gen. Stat. § 7A-455 ; State v. Jacobs , 172 N.C. App. 220, 235, 616 S.E.2d 306, 316 (2005). "[C]ounsel's fees are calculated using rules adopted by the Office of Indigent Defense Services, but trial courts awarding counsel fees must take into account factors such as 'the nature of the case, the time, effort, and responsibility involved, and the fee usually charged in similar cases.' " State v. Friend , --- N.C. App. ----, ----, 809 S.E.2d 902, 906 (2018) (quoting N.C. Gen. Stat. § 7A-455(b) ).
Before entering judgment pursuant to N.C. Gen. Stat. § 7A-455, the trial court must give the defendant "notice and an opportunity to be heard regarding the total amount of hours and fees claimed by the court-appointed attorney." Jacobs , 172 N.C. App. at 236, 616 S.E.2d at 317. This exchange in open court not only allows the trial court to inform the defendant, on the record, of the purpose and extent of the civil judgment that will be entered against him, but also provides the defendant with his sole opportunity to comment on the court's award of attorneys' fees. See id.
Unlike other stages of a criminal proceeding, when the trial court considers entering a money judgment pursuant to N.C. Gen. Stat. § 7A-455, "the interests of the defendant and trial counsel are not necessarily aligned." Friend , --- N.C. App. at ----, 809 S.E.2d at 907. "For example, a defendant may believe that the amount of fees requested is unreasonable given the time, effort, or responsibility involved in *186 defending the case. Counsel, unsurprisingly, might feel otherwise." Id. Therefore, to avoid injustice,
trial courts should ask defendants-personally, not through counsel-whether they wish to be heard on the issue. Absent a colloquy directly with the defendant on this issue, the requirements of notice and opportunity to be heard will be satisfied only if there is other evidence in the record demonstrating that the defendant received notice, was aware of the opportunity to be heard on the issue, and chose not to be heard.
Id.
At the hearing in the instant case, the trial court discussed attorneys' fees with defendant's *849 appointed attorney immediately after revoking his probation:
THE COURT: ... I will make all [defendant's] fees a civil judgment. Are you appointed?
[DEFENSE COUNSEL]: I am appointed, Your Honor.
THE COURT: Including your attorney's fees.
[DEFENSE COUNSEL]: I have seven hours.
THE COURT: Good luck.
Although this discussion occurred in open court in defendant's presence, the trial court did not ask defendant personally, rather than through counsel, "whether [he] wish[ed] to be heard on the issue." Id. And while this exchange reveals that the appointed attorney claimed seven hours of work related to defendant's representation, the record contains no evidence that defendant was notified of and given an opportunity to be heard regarding the total amount of fees that would be entered against him. Cf. Jacobs , 172 N.C. App. at 235-36, 616 S.E.2d at 316-17 (vacating the judgment because although the trial court notified the defendant that he would be awarding attorneys' fees at the State-determined "rate of $65 an hour[,]" the defendant's appointed attorney "had not yet calculated his hours of work related to defendant's representation").
Accordingly, we vacate the civil judgment imposing costs and attorneys' fees and remand to the trial court. "On remand, the State may apply for a judgment in accordance with N.C. Gen. Stat. § 7A-455, provided that defendant is given notice and an opportunity to be heard regarding the total amount of hours and fees claimed by the court-appointed attorney." Id. at 236, 616 S.E.2d at 317 ; see also *187 Friend , --- N.C. App. at ----, 809 S.E.2d at 907 (emphasizing that Friend did "not announce a new rule of constitutional law" but merely "provide[d] further guidance on what trial courts should do to ensure that this Court can engage in meaningful appellate review when defendants raise this issue").
V. Conclusion
We affirm the trial court's judgments revoking defendant's probation and activating his suspended sentences, since "[b]oth the transcript ... and the judgments entered reflect that the trial court considered the evidence and found good cause to revoke" his probation based on violations of N.C. Gen. Stat. §§ 15A-1343(b)(1) and 15A-1343(b)(3a). Regan , --- N.C. App. at ----, 800 S.E.2d at 440-41. However, although the trial court asked the appointed attorney how many hours he claimed related to defendant's representation, defendant was not informed of the total amount of attorneys' fees that would be imposed, nor given an opportunity to personally address the court. Therefore, defendant was not given the requisite notice and opportunity to be heard on the issue. Friend , --- N.C. App. at ----, 809 S.E.2d at 907. Accordingly, we vacate and remand the civil money judgment entered pursuant to N.C. Gen. Stat. § 7A-455.
AFFIRMED IN PART; VACATED AND REMANDED IN PART.
Judge DILLON concurs.
Chief Judge McGEE dissents by separate opinion.

Defendant's attorney confirmed that he had entered an Alford plea to the DVPO violation and was sentenced to time served.