McGEE, Chief Judge, dissenting.
There are three requirements that must be met before the trial court can enter an order revoking a defendant's probation after the term of the probationary period has ended:
The court may ... revoke probation after the expiration of the period of probation if all of the following apply:
(1) Before the expiration of the period of probation the State has filed a written violation report with the clerk indicating its intent to conduct a hearing on one or more violations of one or more conditions of probation.
*188 (2) The court finds that the probationer did violate one or more conditions of probation prior to the expiration of the period of probation.
(3) The court finds for good cause shown and stated that the probation should be ... revoked.
*850 N.C. Gen. Stat. § 15A-1344(f) (2017). These requirements are conditions precedent that must be met in order for the trial court to have jurisdiction to revoke a defendant's probation after the probationary period has ended. State v. Krider , --- N.C. App. ----, ----, 810 S.E.2d 828, 830 (2018) ; State v. Bryant , 361 N.C. 100, 103-04, 637 S.E.2d 532, 535 (2006). It is the State's burden to establish the jurisdiction of the trial court in a probation revocation hearing. State v. Peele , 361 N.C. App. 159, 163-66, 783 S.E.2d 28, 32-33 (2016).
In the present case, the first two conditions were clearly met. However, Defendant argues the trial court failed to "state," or make any finding of fact, that "good cause" was shown for revoking Defendant's probation after Defendant's probationary term had already expired.
Defendant, the State, and this Court all recognize the relevance of this Court's opinion in State v. Regan , --- N.C. App. ----, 800 S.E.2d 436 (2017), on the facts before us. The majority opinion correctly cites In re Civil Penalty for the proposition that "[w]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." In re Civil Penalty , 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (citations omitted). Stated differently, a regular panel of this Court is without the authority to overrule a prior opinion of this Court. Id . That this Court is without the authority to overrule a decision of our Supreme Court is self-evident. Therefore, when this Court is confronted by two conflicting opinions of regular panels of this Court, we have determined that we are bound by the decision reached by the panel that had the authority to make the relevant holding-i.e. the holding made by the earlier panel-and that we are not bound by the holding made in violation of In re Civil Penalty -i.e. the conflicting holding made by the later panel. Boyd v. Robeson Cty. , 169 N.C. App. 460, 470, 621 S.E.2d 1, 7 (2005). It is axiomatic that any holding of this Court that directly conflicts with a valid holding of our Supreme Court-regardless of when the Supreme Court holding was made-must be disregarded in favor of our Supreme Court's precedent.
*189 I. The Requirement for Findings of Fact
In order to reach its holding in Regan , this Court contrasted the language used in N.C. Gen. Stat. § 15A-1343.2(d) (2017)-that in order to sentence a defendant to a probationary term outside the statutorily defined limits, the trial court must make "specific findings" that such a deviation is necessary-with the language in N.C.G.S. § 15A-1344(f)(3) (2017) that prohibits revocation of a defendant's probation after the probationary term has ended unless "[t]he [trial] court finds for good cause shown and stated that the probation should be ... revoked." Id .
In Regan , the Court held that the language of N.C.G.S. § 15A-1344(f)(3), unlike that in N.C.G.S. § 15A-1343.2(d), did not require any actual findings of fact, written or oral. Regan , --- N.C. App. at ----, 800 S.E.2d at 440-41. Therefore, the Regan holding allows revocation pursuant to N.C.G.S. § 15A-1344(f) so long as a violation report was timely filed and the trial court makes a valid determination that the defendant violated a condition of probation for which revocation is an appropriate sanction:
The trial court complied with N.C. Gen. Stat. § 15A-1344(f)(3) by finding good cause to revoke Defendant's probation . Remaining in North Carolina was a condition of Defendant's probation. Defendant testified that she left the jurisdiction in 2011. Reporting for office meetings with her probation officer as directed was also a condition of Defendant's probation. The State presented competent evidence, the sworn affidavit of Officer Wiley, that Defendant failed to report as directed on 5 April 2011. Defendant testified that she did not return to North Carolina because "after talking to Ms. Woods, I mean, frankly, it scared the hell out of me, so I didn't come back." From the bench, the trial court announced, "I find the Defendant's in willful violation of the terms and conditions of her probation."
Each of the judgments ... incorporates a corresponding violation report ... and indicates the specific paragraphs of the violation *851 report which the trial court found as the basis for the finding that Defendant willfully violated the terms of her probation. Each judgment also includes a box checked by the trial court indicating that "[e]ach violation is, in and of itself, a sufficient basis upon which this Court should revoke probation and activate the suspended sentence." Both the transcript of the probation violation hearing and the judgments entered reflect that the trial *190 court considered the evidence and found good cause to revoke Defendant's probation.
Regan , --- N.C. App. at ----, 800 S.E.2d at 440-41 (emphasis added).[2]
However, I find the Regan interpretation of the relevant language in N.C.G.S. § 15A-1344(f)(3) to be in direct conflict with our Supreme Court's interpretation of relevantly identical language in an earlier version of N.C.G.S. § 15A-1344(f). In 2008, the General Assembly made the following changes to N.C.G.S. § 15A-1344(f) :[3]
(f) Extension, Modification, or Revocation after Period of Probation.-The court may extend, modify, or revoke probation after the expiration of the period of probation if: if all of the following apply:
(1) Before the expiration of the period of probation the State has filed a written motion violation report with the clerk indicating its intent to conduct a revocation hearing; and hearing on one or more violations of one or more conditions of probation.
(2) The court finds that the State has made reasonable effort to notify the probationer and to conduct the hearing earlier.[4 ] probationer did violate one or more conditions of probation prior to the expiration period of probation.
(3) The court finds for good cause shown and stated that the probation should be extended, modified, or revoked.
Act of July 8, 2008, sec. 4, 2008 N.C. Sess. Laws 129.
In Bryant , our Supreme Court undertook the following analysis of the prior version of N.C.G.S. § 15A-1344(f) :
Initially, we address the State's argument that no finding was required to be made by the trial court in this case.
*191 The General Assembly, in enacting the controlling statute, N.C.G.S. § 15A-1344(f), provided:
"The court may revoke probation after the expiration of the period of probation if: (1) Before the expiration of the period of probation the State has filed a written motion with the clerk indicating its intent to conduct a revocation hearing; and (2) The court finds that the State has made reasonable effort to notify the probationer and to conduct the hearing earlier ."
N.C.G.S. § 15A-1344(f) (2005) (emphasis added). In analyzing this statute, we use accepted principles of statutory construction by applying the plain and definite meaning of the words therein, as the language of the statute is clear and unambiguous. The statute unambiguously requires the trial court to make a judicial finding that the State has made a reasonable effort to conduct the probation revocation hearing during the period of probation set out in the judgment and commitment.
The plain language of this statute leaves no room for judicial construction . In the absence of statutorily mandated factual findings, the trial court's jurisdiction to revoke probation after expiration of the probationary period is not preserved. The State's argument asks us to substitute the unsworn remarks of defendant's counsel for a judicial finding of fact. This we will not do, as the statute requires the trial court to make findings of fact . Even in light of the somewhat informal setting of a probation revocation hearing, to accept defense *852 counsel's remarks as a finding of fact violates the plain and definite meaning of the statute.[5 ]
The State argues that the unsworn remarks of defendant's counsel, along with the scheduled hearing date noticed on defendant's probation violation report, satisfy the statutory requirement. In doing so, the State contends the parenthetical statement made by the Court of Appeals in State v. Hall only requires evidence in the record, not *192 an actual finding of fact . 160 N.C. App. 593, 593-94, 586 S.E.2d 561, 561 (2003) (parenthetically stating "nor is there evidence in the record to support such findings"). Although this argument is creative, it is contrary to the explicit statutory requirement that "the court find ... the State has made reasonable effort to notify the probationer and to conduct the hearing earlier." N.C.G.S. § 15A-1344(f). The statute makes no exception to this finding of fact requirement based upon the strength of the evidence in the record.
Bryant , 361 N.C. at 102-03, 637 S.E.2d at 534-35 (citations omitted) (some emphases added); see also State v. Burns , 171 N.C. App. 759, 763, 615 S.E.2d 347, 350 (2005).
Prior to Regan , this Court discussed the requirements of the current version of N.C.G.S. § 15A-1344(f) as follows:
Pursuant to N.C.G.S. § 15A-1344(f), a trial court may extend, modify, or revoke a defendant's probation after the expiration of the probationary term only if several conditions are met, including findings by the trial court that prior to the expiration of the probation period a probation violation had occurred and a written probation violation report had been filed. Also, the trial court must find good cause for the extension, modification, or revocation . N.C.G.S. § 15A-1344(f).
State v. Moore , 240 N.C. App. 461, 463, 771 S.E.2d 766, 767 (2015) (second emphasis added); see also State v. Sanders , 240 N.C. App. 260, 263, 770 S.E.2d 749, 751 (2015). Our Supreme Court held in Bryant that the language "the court finds" was an unambiguously stated requirement that a specific "finding of fact" be made by the trial court, not simply a requirement that evidence before the trial court could support an unstated or implied "finding." Bryant , 361 N.C. at 103, 637 S.E.2d at 535 ; see also State v. Daniels , 185 N.C. App. 535, 536-37, 649 S.E.2d 400, 401 (2007) (citation omitted) ("In State v. Bryant , the Supreme Court held that N.C.G.S. § 15A-1344(f) '... unambiguously requires the trial court to make a judicial finding that the State has made a reasonable effort to conduct the probation revocation hearing during the period of probation set out in the judgment and commitment' "). I also note that this Court, in an unpublished opinion filed prior to Regan , recognized a finding of fact requirement for N.C.G.S. § 15A-1344(f)(3). State v. Bailey , 241 N.C. App. 173, 772 S.E.2d 875 (2015) (unpublished) (emphasis in original)
*193 (suggesting that N.C.G.S. § 15A-1344(f)(3) requires a finding of fact because it "allows the court to alter probation after the expiration of the probation period only if the court 'finds for good cause shown and stated that the probation should be extended, modified or revoked' "). N.C. Gen. Stat. § 15A-1345(e) (2017) also supports the position that actual findings of fact are necessary in order to support the statutory requirements for revocation: "Before revoking ... probation, the [trial] court must ... hold a hearing to determine whether to revoke ... probation and must make findings to support the decision and a summary record of the proceedings." Id. (emphasis added).
Our Supreme Court has also indicated that the language "the court finds good cause" mandates that the trial court actually make the relevant findings of fact. State v. Coltrane , 307 N.C. 511, 515-16, 299 S.E.2d 199, 202 (1983) (emphasis added) (Reversing order revoking probation because "[u]nder N.C.G.S. 15A-1345(e), a defendant is entitled to 'present relevant information, and may confront and cross-examine adverse witnesses unless the [trial] court finds good *853 cause for not allowing confrontation.' Defendant was allowed to confront neither [of the witnesses]. No findings were made that there was good cause for not allowing confrontation .").
The current version of N.C.G.S. § 15A-1344(f) requires that three things occur before the trial court may revoke a defendant's probation after expiration of the period of probation: (1) that a violation report is filed prior to expiration of the period of probation; (2) that the trial court "finds that the probationer did violate one or more conditions of probation prior to the expiration of the period of probation[;]" and (3) that the trial court "finds for good cause shown and stated that the probation should be ... revoked." Id . (emphasis added). The Court in Bryant clearly rejected any argument that we can presume a "finding" based upon the strength of the evidence in the record-the trial court must make the required finding of fact or it does not have the authority to revoke a defendant's probation pursuant to N.C.G.S. § 15A-1344(f). "The statute makes no exception to this finding of fact requirement based upon the strength of the evidence in the record." Bryant , 361 N.C. at 103, 637 S.E.2d at 535 ; see also id. at 103-04, 637 S.E.2d at 535 ("Like [ State v .] Camp , [299 N.C. 524, 263 S.E.2d 592 (1980),] the trial court in the instant case was without jurisdiction to revoke defendant's probation and to activate defendant's sentence because it failed to make findings sufficient to satisfy the requirements of the statute.").
I believe we are bound by our Supreme Court's holdings construing language in criminal statutes that requires the trial court to "find" or *194 "find good cause" to mean the trial court is required to make findings of fact demonstrating it has made an independent determination, based on the evidence, that good cause existed for the mandated conclusion. Therefore, in the present case I would hold that the trial court was required to make a finding of fact that the State demonstrated "for good cause shown and stated that [Defendant's] probation should be ... revoked." N.C.G.S. § 15A-1344(f)(3). Absent this finding, there is no record proof the trial court had jurisdiction to revoke Defendant's probation after the expiration of Defendant's period of probation. Bryant , 361 N.C. at 103-04, 637 S.E.2d at 535.
II. What Findings are Required Pursuant to N.C.G.S. § 15A-1344(f)(3)
Section (2) in the prior version of N.C.G.S. § 15A-1344(f), discussed in Bryant and other opinions cited above, was replaced in part by N.C.G.S. § 15A-1344(f)(3). Whereas the prior version required the State to present sufficient evidence indicating that it had given the defendant proper notice and had made a reasonable effort to conduct the revocation hearing earlier,[6] the current version of the statute does not require a specific showing by the State, or a related finding by the trial court, that the State could not have reasonably conducted the hearing at an earlier date. Instead, the current version of N.C.G.S. § 15A-1344(f) requires the State to prove (1) that it filed a violation report prior to the expiration of the period of probation; (2) that Defendant did, in fact, violate a condition of probation prior to the expiration of his period of probation; and (3) that there was "good cause" for the trial court to revoke Defendant's probation at that time-i.e., it is inferred that good cause existed to revoke Defendant's probation even though the period of probation had already ended. It is my belief that the General Assembly, through its 2008 amendment of N.C.G.S. § 15A-1344(f), intended to provide the trial court more discretion in making the determination of whether the State acted reasonably in holding a revocation hearing after the expiration of the period of probation. I do not believe the General Assembly intended to do away entirely with the State's burden to demonstrate that revocation of a defendant's probation after expiration of the period of probation was reasonable in light of the relevant facts of any particular case.
*854 *195 Therefore, I believe the General Assembly intended the relevant language "[t]he court finds for good cause shown and stated that the probation should be ... revoked[,]" N.C.G.S. § 15A-1344(f)(3), to require the State to satisfy the trial court that there was "good cause" for the trial court to revoke the defendant's probation even though the period of probation had already ended -and that the trial court make the appropriate associated findings of fact. If the timing of the revocation hearing is not included in the N.C.G.S. § 15A-1344(f)(3) analysis, at least two consequences arise that I do not believe were intended by the General Assembly. First, N.C.G.S. § 15A-1344(f)(3), in its entirety, becomes superfluous, in violation of the established rules of statutory construction.
"[W]e are guided by the principle of statutory construction that a statute should not be interpreted in a manner which would render any of its words superfluous. We construe each word of a statute to have meaning, where reasonable and consistent with the entire statute, because it is always presumed that the legislature acted with care and deliberation."
State v. Haddock , 191 N.C. App. 474, 482, 664 S.E.2d 339, 345 (2008) (quoting State v. Coffey , 336 N.C. 412, 417-18, 444 S.E.2d 431, 434 (1994) ). In addition, " '[i]n construing ambiguous criminal statutes, we apply the rule of lenity, which requires us to strictly construe the statute' " in favor of the defendant. Haddock , 191 N.C. App. at 482, 664 S.E.2d at 345-46 (quoting State v. Hinton , 361 N.C. 207, 211, 639 S.E.2d 437, 440 (2007) ). As I read Regan , that opinion appears to require only that there exist evidence to support N.C.G.S. §§ 15A-1344(f)(1) and (2). Regan appears to hold that, if the trial court finds that "the probationer did violate one or more conditions of probation prior to the expiration of the period of probation[,]" N.C.G.S. § 15A-1344(f)(2), then the "good cause shown" requirement of N.C.G.S. § 15A-1344(f)(3) is automatically satisfied. If satisfaction of the requirements of N.C.G.S. § 15A-1344(f)(2) serve to also satisfy the requirements of N.C.G.S. § 15A-1344(f)(3), N.C.G.S. § 15A-1344(f)(3) has been rendered superfluous.
Second, the Regan interpretation would also seem to violate the rule of lenity, as it disposes of any burden of the State to demonstrate it acted reasonably in seeking to revoke the defendant's probation after expiration of the period of probation. If N.C.G.S. § 15A-1344(f) has been stripped of any requirement that the State demonstrate good cause for the trial court to revoke a defendant's probation, taking into consideration that the period of probation had already expired , the intended protections *196 in N.C.G.S. § 15A-1344(f) have been almost completely stripped away. The Official Commentary to N.C.G.S. § 15A-1344 states:
Subsection (f) provides that probation can be revoked and the probationer made to serve a period of active imprisonment even after the period of probation has expired if a violation occurred during the period and if the court was unable to bring the probationer before it in order to revoke at that time .
Id . (emphasis added).[7] As I understand the holding in Regan , so long as a violation report is filed before the expiration of a defendant's period of probation, the State could bring the defendant before the trial court for a revocation hearing at any time -five, ten, fifteen years or more after the defendant's probationary term ended. The State would have no burden to demonstrate that it had acted reasonably in allowing years to pass before initiating the revocation hearing. Whether the long delay was due to the defendant's actions, or was solely the fault of the State, would be irrelevant in the trial court's analysis. A finding by the trial court that the defendant violated a term of his probation warranting revocation would be all that was required to activate the underlying sentence. The "good cause shown and stated" requirement of N.C.G.S. § 15A-1344(f)(3) would require *855 nothing more than the finding required by N.C.G.S. § 15A-1344(f)(2). This interpretation of N.C.G.S. § 15A-1344(f) results in the elimination of any meaningful difference between the requirements for revocation at a hearing conducted during the defendant's period of probation and revocation after the expiration of the defendant's period of probation-so long as a violation report is filed prior to the end of defendant's period of probation, the arrest and hearing pursuant to N.C.G.S. § 15A-1345 may occur at any time without any additional burden on the State. If this were the intent of the General Assembly when it amended N.C.G.S. § 15A-1344(f) in 2008, it could have greatly simplified the statute by eliminating N.C.G.S. § 15A-1344(f) entirely, and simply have stated that the only conditions precedent to holding a probation revocation hearing are the filing of a violation report prior to the expiration of the period of probation and timely notice to the *197 defendant of the hearing. The fact that the General Assembly did not repeal N.C.G.S. § 15A-1344(f) in its entirety suggests its intent was not to eliminate the additional requirement that the trial court find as fact that activation of a defendant's sentence after the expiration of the period of probation was appropriate based on the particular fact before it.
Although I disagree with the interpretation of N.C.G.S. § 15A-1344(f)(3) set forth in Regan , with respect to both the findings of fact requirement and what must be shown in order to for the State to prove "good cause shown," I believe this Court only has the authority to disregard the holding in Regan concerning the necessity of findings of fact in support of the "good cause shown and stated" requirement of N.C.G.S. § 15A-1344(f)(3). Because I find no contrary precedent from our Supreme Court, nor any contrary precedent from this Court pre-dating Regan , I believe we are bound by the holding in that opinion regarding what is required to satisfy the "good cause shown" requirement in N.C.G.S. § 15A-1344(f)(3). Specifically, that a proper finding of fact that Defendant violated a condition of his probation for which revocation was an appropriate sanction is all that is needed to satisfy the "good cause shown" requirement. Regan , --- N.C. App. at ----, 800 S.E.2d at 440-41. I address this issue because I believe it merits consideration by our Supreme Court.
I would vacate and remand with direction to the trial court to either make appropriate findings of fact as required by N.C.G.S. § 15A-1344(f)(3), or enter an order denying revocation based upon the State's failure to prove all the jurisdictional requirements of N.C.G.S. § 15A-1344(f).

As noted in the majority opinion, the probation violations in Regan were committed prior to enactment of the Justice Reinvestment Act.

The stricken through portions were deleted and the underlined portions were added by this amendment.

Although the notice language was removed from N.C.G.S. § 15A-1344(f), Chapter 15A still requires that a defendant be given proper notice before a revocation hearing is held, see, e.g. , N.C. Gen. Stat. §§ 15A-1345(d) and (e) (2017).

"Black's Law Dictionary defines a finding of fact as 'a determination by a judge, jury, or administrative agency of a fact supported by the evidence in the record, [usually] presented at the trial or hearing.' Black's Law Dictionary 664 (8th ed. 2004)." This footnote is footnote "2" in the original.

The natural inference is that the State is expected to conduct the hearing before the end of the period of probation if possible, and as soon after expiration of the period of probation as is reasonable when it is not practicable to conduct the hearing before expiration of the defendant's period of probation.

The language of this comment suggests that it has not been changed since the amendment of N.C.G.S. § 15A-1344(f), but I believe the rationale is still valid and that the addition of N.C.G.S. § 15A-1344(f)(3) was intended to convey the same intent-that the trial court's finding of "good cause shown and stated" incorporated the reasonableness of the State's actions together with the amount of time that has passed since the expiration of the period of probation.