IN THE SUPREME COURT OF NORTH CAROLINA

No. 150A18

Filed 16 August 2019

STATE OF NORTH CAROLINA

v.

BILLY DEAN MORGAN

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 814 S.E.2d 843 (N.C. Ct. App. 2018), affirming in part and vacating and remanding in part judgments entered on 9 September 2016 by Judge Jeffrey P. Hunt in Superior Court, McDowell County. Heard in the Supreme Court on 8 April 2019.

*Joshua H. Stein, Attorney General, by Brenda Eaddy, Assistant Attorney General, for the State.*

*Glenn Gerding, Appellate Defender, by Sterling Rozear, Assistant Appellate Defender, for defendant-appellant.*

DAVIS, Justice.

The issue before us in this case is whether a trial court is permitted to revoke a defendant's probation after his probationary period has expired without making a finding of fact that good cause exists to do so under the circumstances. Because we conclude that such a finding is statutorily required, we reverse the decision of the Court of Appeals and remand this matter for further proceedings.

**Factual and Procedural Background**

On 20 May 2013, defendant Billy Dean Morgan was indicted by a McDowell County Grand Jury on two counts of assault with a deadly weapon inflicting serious injury. A hearing was held in Superior Court, McDowell County on 28 August 2013 before the Honorable J. Thomas Davis at which defendant pled no contest to those charges. The court sentenced him to consecutive terms of twenty-nine to forty-seven months of imprisonment, suspended the sentences, and placed him on supervised probation for thirty-six months.

Defendant's probation officer, Christopher Poteat, filed violation reports on 12 May 2016 alleging that defendant had willfully violated the terms of his probation by (1) failing to report to Officer Poteat; (2) failing to pay money owed to the clerk of superior court; (3) failing to pay probation supervision fees; and (4) committing a new criminal offense. A warrant for defendant's arrest for felony probation violations was issued on that same date. On 23 May 2016, Officer Poteat filed an additional violation report in which he asserted that defendant had absconded his probation. Defendant was subsequently arrested for violating terms of his probation.

Defendant's probationary term expired on 28 August 2016. Twelve days later, a hearing was held in Superior Court, McDowell County before the Honorable Jeffrey P. Hunt. At the hearing, defendant's counsel admitted that defendant had "violated probation by failing to report, failing to pay money and supervision fees, and being convicted of a new crime while on probation and absconding." Officer Poteat testified that defendant had missed two consecutive appointments with him in May 2015. He

further stated that defendant "started going downhill" in October 2015 and "missed appointments on November 10, February 3, and February 29 that all had to be rescheduled."

In addition, Officer Poteat testified that defendant had been admitted to Grace Hospital on 29 March 2016 and remained in that facility's mental health ward until 19 April. According to Officer Poteat, defendant did not contact him until 1 May, which was twelve days after his release from the hospital. On that date, Officer Poteat instructed defendant to report to him the following Wednesday. When defendant failed to show up for that appointment, Officer Poteat filed the 23 May probation violation report alleging that he had absconded.

Defendant did not testify on his own behalf at the 9 September 2016 hearing, but his counsel informed the trial court that his mental health problems had worsened in May 2015 when his ten-year-old son was removed from his custody. Defense counsel further stated that defendant was able to comply with the terms of his probation when he was taking his medication. Defense counsel asked the court to grant a continuance to give defendant, who was then employed, a chance to pay his outstanding probation fees. In response, the trial court stated: "No, I am going to revoke his probation for absconding and for the conviction. He will do the sentences that were imposed by the original judgments."

On that same date, the trial court entered judgments using AOC Form CR-607 revoking defendant's probation and activating his suspended sentences. The judgments contained the following pertinent findings:

> The defendant is charged with having violated specific conditions of the defendant's probation as alleged in the . . . Violation Report(s) on file herein, which is incorporated by reference.
>
> . . . .
>
> The condition(s) violated and the facts of each violation are as set forth . . . in Paragraph(s) 1 of the Violation Report or Notice dated 05/23/2016 [and] in Paragraph(s) 1-4 of the Violation Report or Notice dated 05/12/2016.
>
> . . . .
>
> The Court may revoke defendant's probation . . . for the willful violation of the condition(s) that he/she not commit any criminal offense . . . or abscond from supervision[.]

The judgments concluded as follows:

> Based upon the Findings of Fact set out on the reverse side, the Court concludes that the defendant has violated a valid condition of probation upon which the execution of the active sentence was suspended, and that continuation, modification or special probation or criminal contempt is not appropriate, and the Court ORDERS that the defendant's probation be revoked, that the suspended sentence be activated, and the defendant be imprisoned[.]

On 16 September 2016, defendant filed a handwritten pro se "Inmate Grievance/Request Form" with the McDowell County Jail indicating his intention to appeal from the 9 September judgments. Defendant's filing, however, failed to

specifically identify both the rulings from which his appeal was being taken and the court to which he intended to appeal. Defendant's appellate counsel filed a petition for writ of certiorari with the Court of Appeals on 30 May 2017 requesting "review of the judgments and orders of the McDowell County Superior Court." The Court of Appeals determined that defendant had failed to file a legally valid notice of appeal but allowed his petition for certiorari.

In seeking relief from the trial court's judgments before the Court of Appeals, defendant argued that the court erred by revoking his probation after the expiration of his thirty-six-month probationary period by failing to make a specific finding that it was doing so for "good cause shown and stated" as required by N.C.G.S. § 15A-1344(f)(3). *State v. Morgan*, 814 S.E.2d 843, 847 (N.C. Ct. App. 2018). The majority in the Court of Appeals rejected this contention, citing that court's earlier decision in *State v. Regan*, 253 N.C. App. 351, 800 S.E.2d 436 (2017), in which it concluded that N.C.G.S. § 15A-1344(f)(3) does not require trial courts to make any specific findings of good cause shown in order to properly revoke a defendant's probation after the expiration of his probationary term. *Id.* at 357, 800 S.E.2d at 440. In *Regan*, the Court of Appeals determined that a finding of good cause could be inferred from the transcript of the defendant's probation violation hearing and the judgments entered by the court. *See id.* at 358, 800 S.E.2d at 440–41 ("Both the transcript of the probation violation hearing and the judgments entered reflect that the trial court considered the evidence and found good cause to revoke Defendant's probation.").

Noting that it was bound by its prior decision in *Regan, Morgan*, 814 S.E.2d at 847, the Court of Appeals majority held that the trial court did not err by revoking defendant's probation after the expiration of his probationary term, concluding that:

> [A]t the hearing, defendant admitted all of the State's allegations. After hearing from Officer Poteat and defendant's attorney, the trial court announced its decision to "revoke his probation for absconding and for the conviction." Consequently, "[b]oth the transcript of the probation violation hearing and the judgments entered reflect that the trial court considered the evidence and found good cause to revoke" defendant's probation.

*Id.* at 848 (quoting *Regan*, 253 N.C. App. at 358, 800 S.E.2d at 440–41).[1]

In a dissenting opinion, Chief Judge McGee asserted that *Regan* was both in conflict with this Court's decision in *State v. Bryant*, 361 N.C. 100, 637 S.E.2d 532 (2006), and inconsistent with the text of N.C.G.S. § 15A-1344(f). *Morgan*, 814 S.E.2d at 851–53. (McGee, C.J., dissenting). For these reasons, Chief Judge McGee would have held that "the trial court was required to make a finding of fact that the State demonstrated 'for good cause shown and stated that [Defendant's] probation should be . . . revoked.' " *Id.* at 853 (alterations in original) (quoting N.C.G.S. § 15A-1344(f)(3)). Defendant appealed as of right to this Court based upon the dissent.

**Analysis**

---

[1] The Court of Appeals also vacated a civil judgment for costs and attorneys' fees that had been entered against defendant by the trial court based on its determination that defendant was not provided notice and an opportunity to be heard on the final amount of attorneys' fees awarded. *Morgan*, 814 S.E.2d at 849. This portion of the Court of Appeals' opinion, however, is not currently before us.

The issue for resolution in this appeal is whether the Court of Appeals erred by affirming the trial court's revocation of defendant's probation without making a specific finding that good cause existed to do so despite the expiration of his probationary period. For the reasons set out below, we conclude that the trial court's order failed to comply with N.C.G.S. § 15A-1344(f)(3).

This Court has made clear that a trial court "may, at any time during the period of probation, require defendant to appear before it, inquire into alleged violations of the conditions, and, if found to be true, place the suspended sentence into effect." *State v. Camp*, 299 N.C. 524, 527, 263 S.E.2d 592, 594 (1980) (citations and emphasis omitted). But the trial court "may not do so after the expiration of the period of probation except as provided in G.S. 15A-1344(f)." *Id.* at 527, 263 S.E.2d at 594 (citations and emphasis omitted).

Section 15A-1344(f) provides, in pertinent part:

> (f) Extension, Modification, or Revocation after Period of Probation. — The court may extend, modify, or revoke probation after the expiration of the period of probation if all of the following apply:
>
> > (1) Before the expiration of the period of probation the State has filed a written violation report with the clerk indicating its intent to conduct a hearing on one or more violations of one or more conditions of probation.
> >
> > (2) The court finds that the probationer did violate one or more conditions of probation prior to the expiration of the period of probation.

> (3) The court finds for good cause shown and stated
> that the probation should be extended, modified,
> or revoked.

N.C.G.S. § 15A-1344(f) (2017).

It is axiomatic that "[w]hen construing legislative provisions, this Court looks first to the plain meaning of the words of the statute itself." *State v. Ward*, 364 N.C. 157, 160, 694 S.E.2d 729, 731 (2010) (citation omitted). "When the language of a statute is clear and without ambiguity, it is the duty of this Court to give effect to the plain meaning of the statute, and judicial construction of legislative intent is not required." *Diaz v. Div. of Soc. Servs.*, 360 N.C. 384, 387, 628 S.E.2d 1, 3 (2006) (citation omitted); *see also State v. Beck*, 359 N.C. 611, 614, 614 S.E.2d 274, 277 (2005) ("If the statutory language is clear and unambiguous, the court eschews statutory construction in favor of giving the words their plain and definite meaning." (citation omitted)).

We are further guided in our decision by the canon of statutory construction that a statute may not be interpreted "in a manner which would render any of its words superfluous." *State v. Coffey*, 336 N.C. 412, 417, 444 S.E.2d 431, 434 (1994) (citations omitted). This Court has repeatedly held that "a statute must be considered as a whole and construed, if possible, so that none of its provisions shall be rendered useless or redundant. It is presumed that the legislature intended each portion to be given full effect and did not intend any provision to be mere surplusage." *Porsh Builders, Inc. v. City of Winston-Salem*, 302 N.C. 550, 556, 276 S.E.2d 443, 447 (1981)

(citations omitted).

In *State v. Bryant*, this Court construed language in a prior version of N.C.G.S. § 15A-1344(f) in connection with the revocation of a defendant's probation following the expiration of her probationary period. At the time *Bryant* was decided, N.C.G.S. § 15A-1344(f) provided, in relevant part:

> (f) Revocation after Period of Probation. — The court may revoke probation after the expiration of the period of probation if:
>
> (1) Before the expiration of the period of probation the State has filed a written motion with the clerk indicating its intent to conduct a revocation hearing; and
>
> (2) *The court finds that the State has made reasonable effort to notify the probationer and to conduct the hearing earlier.*

N.C.G.S. § 15A-1344(f) (2005) (emphasis added) (amended 2008).

In *Bryant*, the trial court activated the defendant's suspended sentence seventy days after the expiration of her period of probation "without making a finding that the State had exerted reasonable efforts to conduct a hearing before the expiration of the probationary period." 361 N.C. at 104–05, 637 S.E.2d at 536. On appeal to this Court, the State argued that, despite the absence of an express finding of fact on that issue, the record contained evidence that would have supported such a finding and that, as a result, the order was in compliance with N.C.G.S. § 15A-1344(f). *Id.* at 103, 637 S.E.2d at 535.

We rejected the State's argument and held that the statutory language "[t]he court finds" contained in N.C.G.S. § 15A-1344(f)(2) required the trial court to make a specific finding of fact. *Id.* at 104–05, 637 S.E.2d at 536. We further held that this requirement was not satisfied simply because evidence existed in the record that *could* have supported such a finding. *Id.* at 103–04, 637 S.E.2d at 534–35. We explained our reasoning as follows:

> In analyzing this statute, we use accepted principles of statutory construction by applying the plain and definite meaning of the words therein, as the language of the statute is clear and unambiguous. The statute unambiguously requires the trial court to make a judicial finding that the State has made a reasonable effort to conduct the probation revocation hearing during the period of probation set out in the judgment and commitment.
>
> . . . .
>
> The State argues that the unsworn remarks of defendant's counsel, along with the scheduled hearing date noticed on defendant's probation violation report, satisfy the statutory requirement. . . . Although this argument is creative, it is contrary to the explicit statutory requirement that "the court find . . . the State has made reasonable effort to notify the probationer and to conduct the hearing earlier." The statute makes no exception to this finding of fact requirement based upon the strength of the evidence in the record.

*Id.* at 102–03, 637 S.E.2d at 534–35 (footnote and internal citations omitted).

We addressed a similar issue in *State v. Coltrane*, 307 N.C. 511, 299 S.E.2d 199 (1983), in which the trial court revoked the defendant's probation without affording her the opportunity to confront adverse witnesses at the probation revocation

hearing. *Id.* at 513, 299 S.E.2d at 201. The controlling statute stated that a defendant at a probation revocation hearing is entitled to "confront and cross-examine adverse witnesses *unless the court finds good cause for not allowing confrontation.*" *Id.* at 513, 299 S.E.2d at 201 (emphasis added). Because "[n]o findings were made [by the trial court] that there was good cause for not allowing confrontation," we held that the trial court failed to comply with this statutory requirement and therefore reversed the decision of the Court of Appeals affirming the trial court's revocation order. *Id.* at 516, 299 S.E.2d at 202.

In the present case, it is undisputed that the trial court's 9 September 2016 judgments contained no findings referencing the existence of good cause to revoke defendant's probation despite the expiration of his probationary term. Indeed, the record is devoid of any indication that the trial court was even aware that defendant's probationary term had already expired when it entered its judgments.

We conclude that both the plain language of N.C.G.S. § 15A-1344(f)(3) and our prior decisions in *Bryant* and *Coltrane* compel the conclusion that the trial court erred by activating defendant's sentences without first making such a finding. While *Bryant* and *Coltrane* concerned different statutory provisions than the one at issue here, both cases support the proposition that when the General Assembly has inserted the phrase "the court finds" in a statute setting out the exclusive circumstances under which a defendant's probation may be revoked, the specific finding described in the statute must actually be made by the trial court and such a

finding cannot simply be inferred from the record. *See Bryant*, 361 N.C. at 102–03, 637 S.E.2d at 534–35; *Coltrane,* 307 N.C. at 516, 299 S.E.2d at 202.

Our conclusion fully comports with the principles of statutory construction set out above. Were we to hold, as the State argues, that N.C.G.S. § 15A-1344(f)(3) does not require a specific finding of good cause to revoke a defendant's probation after his probationary period has ended as long as the court has found that the defendant violated a condition of probation, subsection (f)(3) would be rendered superfluous. Subsection (f)(2) of N.C.G.S. § 15A-1344 makes clear that in order to revoke a defendant's probation following the expiration of his probationary term, the trial court must first make a finding that the defendant did violate a condition of his probation. After making such a finding, trial courts are then required by subsection (f)(3) to make an *additional* finding of "good cause shown and stated" to justify the revocation of probation even though the defendant's probationary term has expired.

Thus, by contending the trial court's determination that defendant did, in fact, violate conditions of his probation simultaneously satisfied subsections (f)(2) and (f)(3), the State incorrectly conflates two separate and distinct findings that must be made by the trial court under these circumstances. As such, the State's argument is inconsistent with well-settled rules for interpreting statutes. *See, e.g.*, *Lunsford v. Mills*, 367 N.C. 618, 628, 766 S.E.2d 297, 304 (2014) ("[I]t is a fundamental principle of statutory interpretation that courts should 'evaluate [a] statute as a whole and . . . not construe an individual section in a manner that renders another provision

of the same statute meaningless.' " (alterations in original) (quoting *Polaroid Corp. v. Offerman*, 349 N.C. 290, 297, 507 S.E.2d 284, 290 (1998), *cert. denied*, 526 U.S. 1098 (1999), *abrogated on other grounds by Lenox, Inc. v. Tolson*, 353 N.C. 659, 548 S.E.2d 513 (2001)); *Coffey*, 336 N.C. at 418, 444 S.E.2d at 434 ("We construe each word of a statute to have meaning, where reasonable and consistent with the entire statute, because '[i]t is always presumed that the legislature acted with care and deliberation . . . .' " (alterations in original) (quoting *State v. Benton*, 276 N.C. 641, 658, 174 S.E.2d 793, 804 (1970)). To the extent *Regan* holds that an express finding of good cause shown and stated is not required by N.C.G.S. § 15A-1344(f)(3), that portion of *Regan* is overruled.

Having determined that the Court of Appeals erred in affirming the trial court's 9 September 2016 judgments, the only remaining question is whether remand to the trial court is appropriate for it to determine whether good cause exists to revoke defendant's probation despite the expiration of his probationary period and, if so, to make an appropriate finding of fact as required by subsection (f)(3). We stated in *Bryant* that "[i]n the absence of statutorily mandated factual findings, the trial court's jurisdiction to revoke probation after expiration of the probationary period is not preserved." *Bryant*, 361 N.C. at 103, 637 S.E.2d at 534. We further noted, however, that "[o]rdinarily[ ] when [there is a failure] to make a material finding of fact . . ., the case must be remanded . . . for a proper finding." *Id.* at 104, 637 S.E.2d at 535 (first, third, fourth, and fifth alterations in original) (quoting *N.C. Dep't of Env't &*

*Nat. Res. v. Carroll*, 358 N.C. 649, 674, 599 S.E.2d 888, 904 (2004)).

In *Bryant*, after determining that the trial court had failed to comply with the requirements of N.C.G.S. § 15A-1344(f), we proceeded to determine whether the record contained sufficient evidence to permit the necessary finding of "reasonable efforts" by the State to have conducted the probation revocation hearing earlier. *Id.* at 104, 637 S.E.2d at 535–36. Noting that the record was "devoid of any persuasive evidence as to why there was more than a two-month delay in conducting [the] probation revocation hearing," we concluded that "remand is not a proper remedy . . . because the record lacks sufficient evidence to support such a finding." *Id.* at 104, 637 S.E.2d at 535–36.

In the present case, conversely, we are unable to say from our review of the record that no evidence exists that would allow the trial court on remand to make a finding of "good cause shown and stated" under subsection (f)(3). Accordingly, we remand this matter to the Court of Appeals for further remand to the trial court for a finding of whether good cause exists to revoke defendant's probation despite the expiration of his probationary period and—assuming good cause exists—to make a finding in conformity with N.C.G.S. § 15A-1344(f)(3).

## Conclusion

For the reasons stated above, we reverse the decision of the Court of Appeals and remand this case to the Court of Appeals for further remand to the superior court for proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.