IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-98

No. COA20-706

Filed 6 April 2021

Buncombe County, Nos. 14 CRS 081108-10, 090034

STATE OF NORTH CAROLINA,

v.

JAQUAN STEPHON GETER, Defendant.

Appeal by Defendant from judgments entered 15 July 2020 by Judge R. Gregory Horne in Buncombe County Superior Court. Heard in the Court of Appeals 10 February 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General Liliana R. Lopez, for the State.*

*Jason Christopher Yoder for Defendant-Appellant.*

GRIFFIN, Judge.

¶ 1 Defendant Jaquan Stephon Geter appeals from judgments revoking his probation. Defendant argues that the trial court erred by finding good cause to revoke his probation after the probationary period expired. Upon review, we affirm the trial court's ruling.

## I. Factual and Procedural Background

¶ 2 On 29 August 2016, Defendant pled guilty to possession of a firearm by a felon, resisting a public officer, possession of a stolen motor vehicle, and eluding arrest with

a motor vehicle. Pursuant to the plea arrangement, Defendant received a suspended sentence and was placed on 18 months of supervised probation, due to expire 28 February 2018.

¶ 3          In February 2018, Probation Officer Jenni Holste filed violation reports alleging, *inter alia*, that Defendant had been charged with possession of marijuana, possession of drug paraphernalia, maintaining a vehicle or dwelling place for keeping or selling controlled substances, and possession of a firearm by a felon. Defendant later filed a motion to suppress evidence with respect to the charges, which was granted on 22 February 2019. The State subsequently dismissed the charges.

¶ 4          On 4 April 2019, the trial court entered judgments revoking Defendant's probation based on the charges alleged in Officer Holste's violation reports. The revocation occurred approximately 399 days after Defendant's probationary period expired. Defendant then appealed to this Court.

¶ 5          On appeal, we remanded this matter to the trial court because the judgments revoking Defendant's probation did not indicate (1) which of the four alleged criminal offenses served as the basis for revoking Defendant's probation; and (2) whether good cause existed to revoke Defendant's probation after the probationary period expired. *State v. Geter*, ___ N.C. App. ___, 843 S.E.2d 489, 2020 WL 3251033, at *5 (2020) (unpublished).

¶ 6          This matter came on for rehearing on 15 July 2020 in Buncombe County

Superior Court. At the conclusion of the hearing, the trial court found that good cause existed to revoke Defendant's probation after the probationary period expired because the charges forming the basis of the violations were not resolved before the probationary period ended. The trial court reasoned that the disposition of those charges "would have had a direct impact on the later hearing of the probation violation." The court then entered judgments revoking Defendant's probation. The judgments identified the specific criminal offenses that formed the basis of the revocation and included findings that "good cause exist[ed] to revoke Defendant's probation despite the expiration of his probationary period[.]" Defendant gave oral notice of appeal in open court.

## II. Analysis

¶ 7   Defendant argues that the trial court erred by finding good cause to revoke his probation after it expired because "the 'good cause' found by the trial court failed as a matter of law[.]" We disagree.

¶ 8   "A hearing to revoke a defendant's probationary sentence only requires that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation[.]" *State v. Young*, 190 N.C. App. 458, 459, 660 S.E.2d 574, 576 (2008) (citation and internal quotation marks omitted). "Accordingly, the decision of the trial court is reviewed for abuse of discretion." *State v. Murchison*, 367 N.C. 461, 464, 758 S.E.2d

356, 358 (2014) (citation omitted).

¶ 9        N.C. Gen. Stat. § 15A-1344(f) provides in pertinent part:

> The court may extend, modify, or revoke probation after the expiration of the period of probation if all of the following apply:
>
> > (1) Before the expiration of the period of probation the State has filed a written violation report with the clerk indicating its intent to conduct a hearing on one or more violations of one or more conditions of probation.
> >
> > (2) The court finds that the probationer did violate one or more conditions of probation prior to the expiration of the period of probation.
> >
> > (3) The court finds for good cause shown and stated that the probation should be extended, modified, or revoked.

*Id.* § 15A-1344(f)(1)-(3) (2019).

¶ 10        Pursuant to subsection (f)(3), the trial court is required to make a "finding of good cause shown and stated to justify the revocation of probation even though the defendant's probationary term has expired." *State v. Morgan*, 372 N.C. 609, 617, 831 S.E.2d 254, 259 (2019) (internal quotation marks omitted). "[I]n the absence of [the] statutorily mandated factual finding[]" of good cause, "the trial court's jurisdiction to revoke probation after expiration of the probationary period is not preserved." *Id.* at 617-18, 831 S.E.2d at 260 (citation and internal quotations marks omitted).

¶ 11        Although the trial court in the instant case did make the required factual

finding of good cause, Defendant argues that this Court's decision in *State v. Sasek*, ___ N.C. App. ___, 844 S.E.2d 328 (2020), requires us to vacate the trial court's judgments revoking Defendant's probation. In *Sasek*, the trial court revoked the defendant's probation approximately "fourteen months after his probation expired" without making the required finding of good cause. *Id.* at ___, 844 S.E.2d at 334. Additionally, there was no evidence in the record to indicate that good cause existed to justify the untimely revocation. *Id.* This Court held that, when a trial court fails to make the required finding of good cause to revoke a defendant's probation after it has expired, the appropriate remedy on appeal is to vacate the trial court's judgment unless there is evidence in the record to indicate that good cause existed to justify the delay. *Id.* If the record contains evidence of good cause, however, "the case must be remanded so that proper findings can be made." *Id.* Because the trial court in *Sasek* failed to make a finding of good cause, and no evidence in the record indicated that good cause existed to justify the untimely revocation, this Court vacated the trial court's judgment revoking the defendant's probation. *Id.* at ___, 844 S.E.2d at 335.

¶ 12        We find the holding in *Sasek* inapplicable to the facts of the instant case. In *Sasek*, this Court only vacated the trial court's judgment after first holding that "the trial court erred *by not making the required finding that good cause existed* to revoke [the] [d]efendant's probation after his probation period had expired." *Id.* (emphasis added). Here, the trial court *did*, in fact, make the required finding of good cause

under N.C. Gen. Stat. § 15A-1344(f)(3).

¶ 13        The trial court's finding of good cause is also supported by the facts in the record. At the conclusion of Defendant's revocation hearing, the trial court stated, "it is clear to the Court that the State waited until the disposition of the underlying offenses alleged before proceeding with the probation violation. The Court would find this would constitute good cause." Additionally, Officer Holste's violation reports were filed only weeks before Defendant's probation was due to expire, and the record indicates that Buncombe County only holds one session of hearings per week in criminal cases.

¶ 14        Our review of caselaw and our General Statutes has revealed no specific set of factors that must be considered in evaluating whether "good cause" exists under N.C. Gen. Stat. § 15A-1344(f)(3). Absent such a standard, we hold that the trial court did not err by finding good cause to revoke Defendant's probation after the probationary period expired. Unlike in *Sasek*, the trial court's judgments included the "statutorily mandated factual findings" of good cause to justify the untimely revocation. *Morgan*, 372 N.C. at 617, 831 S.E.2d at 260. Moreover, the evidence in the record supports the trial court's finding that good cause existed for the delay.

¶ 15        We note that the trial court in this case proceeded to revoke Defendant's probation approximately 399 days after his probationary period expired. While we find this delay significant and unadvisable in the administration of justice, we cannot

conclude that the trial court abused its discretion in finding good cause to justify the revocation.

## III. Conclusion

For the reasons stated herein, we hold that the trial court did not err by finding good cause to revoke Defendant's probation after the probationary period expired.

AFFIRMED.

Judges DIETZ and ZACHARY concur.