IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-675

Filed 21 February 2023

Buncombe County, Nos. 17CRS93149-50

STATE OF NORTH CAROLINA

v.

LEWIS RODNEY LYTLE, JR., Defendant.

Appeal by defendant from judgment entered 6 January 2022 by Judge Alan Z. Thornburg in Buncombe County Superior Court. Heard in the Court of Appeals 10 January 2023.

> *Yoder Law PLLC, by Jason Christopher Yoder, for defendant-appellant.*
>
> *Attorney General Joshua H. Stein, by Assistant Attorney General Cheryl L. Kaminski, for the State-appellee.*

GORE, Judge.

On 6 August 2018, defendant Lewis Rodney Lytle, Jr., pled guilty to possession of a firearm by a felon and possession of a stolen firearm. The two charges were combined into one judgment with defendant receiving a sentence of 17 to 30 months in prison. This sentence was suspended for 18 months of supervised probation. Defendant's probation expired on 6 February 2020.

Defendant presents three issues on appeal: (i) whether the trial court failed to make a finding of good cause to revoke his probation in violation of N.C. Gen. Stat. §

15A-1344(f); (ii) whether his waiver of counsel was knowing and voluntary under N.C. Gen. Stat. § 15A-1242; and (iii) whether the trial court erred in failing to address all filed violations of probation individually in its judgment. Upon review, we vacate without remand.

Defendant filed written notice of appeal from a final judgment revoking probation entered against him in Buncombe County Superior Court. This Court has jurisdiction to hear this appeal pursuant to N.C. Gen. Stat. §§ 7A-27(b) and 15A-1347.

Defendant contends, and the State concedes, that the trial court failed to find good cause to revoke probation after the expiration of the probation period as required by N.C. Gen. Stat. § 15A-1344(f)(3). We agree. This issue is preserved for appellate review without objection entered upon the ruling because § 15A-1344(f)(3) is a statutory mandate that requires the trial judge to make a specific finding before revoking probation after expiration of the probationary period. *State v. Morgan*, 372 N.C. 609, 617, 831 S.E.2d, 254, 259 (2019); *see also State v. Ashe*, 314 N.C. 28, 39, 331 S.E.2d 652, 659 (1985) ("[W]hen a trial court acts contrary to a statutory mandate and a defendant is prejudiced thereby, the right to appeal the court's action is preserved, notwithstanding defendant's failure to object at trial.").

"Alleged statutory errors are questions of law, and as such, are reviewed *de novo*." *State v. Mackey*, 209 N.C. App. 116, 120, 708 S.E.2d 719, 721, (internal citation omitted), *rev. denied*, 365 N.C. 193, 707 S.E.2d 246 (2011).

The statute provides:

> The court may extend, modify, or revoke probation after the expiration of the period of probation if all of the following apply:
>
> (1) Before the expiration of the period of probation the State has filed a written violation report with the clerk indicating its intent to conduct a hearing on one or more violations of one or more conditions of probation.
>
> (2) The court finds that the probationer did violate one or more conditions of probation prior to the expiration of the period of probation.
>
> (3) The court finds for good cause shown and stated that the probation should be extended, modified, or revoked.

N.C. Gen. Stat. § 15A-1344(f)(1)-(3) (2022).

Under subsection (f)(3), the trial court is "required . . . to make an *additional* finding of 'good cause shown and stated' to justify the revocation of probation even though the defendant's probationary term has expired." *Morgan*, 372 N.C. at 617, 831 S.E.2d at 259 (emphasis added). "In the absence of statutorily mandated factual findings, the trial court's jurisdiction to revoke probation after expiration of the probationary period is not preserved." *State v. Bryant*, 361 N.C. 100, 103, 637 S.E.2d 532, 534 (2006). Our review of the transcript and record does not show that the trial court made any findings, oral or written, that good cause existed to revoke defendant's probation after expiration of his probationary term.

"Ordinarily, when the trial court fails to make a material finding of fact, the case must be remanded so that proper findings can be made." *State v. Sasek*, 271 N.C. App. 568, 575, 844 S.E.2d 328, 334, (citation omitted), *rev. denied*, 376 N.C. 543,

851 S.E.2d 49 (2020). However, when the trial court fails to make a finding of good cause under § 15A-1344(f)(3), this Court "may only remand where the record contain[s] sufficient evidence to permit the necessary finding of 'reasonable efforts' by the State to have conducted the probation revocation hearing earlier." *Id.* (alteration in original) (quotation marks and citation omitted).

Defendant argues, and the State concedes, that the appropriate remedy under these facts is to vacate without remand.

Here, defendant's probation expired 700 days prior to the revocation hearing. The record on appeal provides no persuasive evidence that the trial court made reasonable attempts to hold the probation revocation hearing prior to the expiration of defendant's probation. We, therefore, "vacate the trial court's judgments revoking [d]efendant's probation without remand." *Id.* at 576, 844 S.E.2d at 335 (citing *Bryant*, 361 N.C. at 101, 637 S.E.2d at 534). In light of our resolution of this matter above, it is unnecessary to reach defendant's remaining arguments.

VACATED.

Judges ARROWOOD and WOOD concur.