IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-984

Filed 17 October 2023

Perquimans County, No. 18CRS050368

STATE OF NORTH CAROLINA

v.

QUENTIN JACKSON

Appeal by Defendant from order entered 14 March 2022 by Judge Jerry Tillett in Perquimans County Superior Court. Heard in the Court of Appeals 20 September 2023.

*Attorney General Joshua H. Stein, by Assistant Attorney General Carolyn McLain, for the State-Appellee.*

*Hynson Law, PLLC, by Warren D. Hynson, for Defendant-Appellant.*

COLLINS, Judge.

Defendant Quentin Jackson appeals from the trial court's order finding that he had willfully violated the conditions of his probation, extending his probation by 12 months, and ordering him to serve a 45-day active term as a condition of special probation. Defendant argues that the trial court erred by extending his probation after his probationary term had expired and by ordering him to serve an active term. The trial court erred by extending Defendant's probation after his probationary term had expired, absent a specific finding of good cause. Furthermore, the trial court

erred by ordering Defendant to serve an active term as a condition of special probation. Accordingly, we vacate the order and remand the case to the trial court to determine whether good cause exists to extend Defendant's probation beyond the expiration of his probationary term.

## I.    Background

Defendant, a town council member, was at a Hertford Town Council meeting on 1 October 2018. At the end of the meeting, Defendant struck another council member in the side of the face following a verbal altercation. Defendant was arrested for assault of a government official and entered an *Alford* plea to simple assault on 16 December 2019. The trial court sentenced Defendant to 60 days of imprisonment, suspended for 24 months of supervised probation. As a condition of special probation, Defendant was required to serve an active term of 15 days. Upon release, Defendant was required to abide by a curfew from 7 p.m. to 6 a.m., except to attend town council meetings.

Defendant's probation officer filed the following violation reports: on 21 January 2020, alleging that Defendant had violated his curfew and requiring Defendant to submit to electronic monitoring; on 28 January 2020, alleging that Defendant had violated his curfew, left the county without prior approval, and failed to comply with electronic monitoring; on 21 February 2020, alleging that Defendant had violated his curfew; and on 12 March 2020, alleging that Defendant had violated his curfew and left the county without prior approval.

A probation violation hearing was calendared for 27 August 2020 and Defendant moved for a continuance. The trial court granted the motion and entered an order modifying Defendant's probation to require him to comply with his curfew and electronic monitoring and continuing the hearing until 6 October 2020. Defendant's probationary term expired on 16 December 2021. A probation violation hearing was ultimately held on 24 February 2022, and the trial court entered an order on 14 March 2022 finding that Defendant had willfully violated the conditions of his probation in the violation reports filed 28 January 2020 and 21 February 2020. The trial court extended Defendant's probation by 12 months and ordered him to serve an active term of 45 days as a condition of special probation. Defendant appealed.

## II. Discussion

### A. Probation Extension

Defendant argues that the trial court erred by extending his probation after his probationary term had expired absent a specific finding of good cause.

Whether a trial court has the authority to extend a defendant's probation after the defendant's probationary term has expired is a jurisdictional question, which we review de novo. *State v. Geter*, 383 N.C. 484, 488-89, 881 S.E.2d 209, 213 (2022). Under de novo review, this Court considers the matter anew and freely substitutes its own judgment for that of the lower court. *Archie v. Durham Pub. Sch. Bd. of Educ.*, 283 N.C. App. 472, 474, 874 S.E.2d 616, 619 (2022).

The trial court may extend, modify, or revoke probation after the probationary term has expired if:

> (1) Before the expiration of the period of probation the State has filed a written violation report with the clerk indicating its intent to conduct a hearing on one or more violations of one or more conditions of probation.
>
> (2) The court finds that the probationer did violate one or more conditions of probation prior to the expiration of the period of probation.
>
> (3) The court finds for good cause shown and stated that the probation should be extended, modified, or revoked.
>
> (4) If the court opts to extend the period of probation, the court may extend the period of probation up to the maximum allowed under G.S. 15A-1342(a).

N.C. Gen. Stat. § 15A-1344(f) (2021).

In other words, to extend a defendant's probation after the probationary term has expired, "the trial court must first make a finding that the defendant did violate a condition of his probation." *State v. Morgan*, 372 N.C. 609, 617, 831 S.E.2d 254, 259 (2019). "After making such a finding, trial courts are then required by subsection (f)(3) to make an *additional* finding of 'good cause shown and stated' to justify the [extension] of probation even though the defendant's probationary term has expired." *Id.* A finding of good cause "cannot simply be inferred from the record." *Id.*

Here, Defendant's probationary term expired on 16 December 2021. A probation violation hearing was held on 24 February 2022, over two months after Defendant's probationary term had expired. The trial court's order extending Defendant's probation contains no finding of good cause to do so. Thus, the trial court

erred by extending Defendant's probation by 12 months after his probationary term had expired without making a specific finding that good cause exists to extend his probation. *See id.*

We are unable to say from our review of the record that no evidence exists that would allow the trial court on remand to make a finding of good cause under subsection (f)(3). Accordingly, we vacate the order and remand the case to the trial court to determine whether good cause exists to extend Defendant's probation despite the expiration of his probationary term and, if so, to make a finding in conformity with N.C. Gen. Stat. § 15A-1344(f)(3). *See id.* at 618, 831 S.E.2d at 260.

## B. Active Term

Defendant also argues that the trial court erred by ordering him to serve an active term of 45 days as a condition of special probation because "the maximum sentence of imprisonment for the convicted offense was 60 days" and "it results in imprisonment two years past conviction[.]"[1] (capitalization altered).

Although a challenge to a trial court's decision to impose a condition of probation is generally reviewed on appeal for abuse of discretion, an alleged error in statutory interpretation is an error of law, which we review de novo. *State v. Ray,*

---

[1] The State contends that this argument is moot because "[i]nformation from the Perquiman County's Superior Court clerk's office indicates that defendant served the sentence, beginning on 24 February 2023 and ending 10 April 2023." This information does not appear in the record before us. Nevertheless, Defendant's argument is not moot because his probation violation may be used as an aggravating factor in a subsequent sentencing hearing. *See State v. Black*, 197 N.C. App. 373, 377, 677 S.E.2d 199, 202 (2009).

274 N.C. App. 240, 246, 851 S.E.2d 653, 658 (2020).

"When a defendant has violated a condition of probation, the court may modify the probation to place the defendant on special probation[.]" N.C. Gen. Stat. § 15A-1344(e) (2021).

> Under a sentence of special probation, the court may suspend the term of imprisonment and place the defendant on probation . . . and in addition require that the defendant submit to a period or periods of imprisonment . . . at whatever time or intervals within the period of probation, consecutive or nonconsecutive, the court determines . . . .

N.C. Gen. Stat. § 15A-1351(a) (2021). However, in doing so,

> the total of all periods of confinement imposed as an incident of special probation, but not including an activated suspended sentence, may not exceed one-fourth the maximum sentence of imprisonment imposed for the offense, and no confinement other than an activated suspended sentence may be required beyond two years of conviction.

*Id.* Thus, the statute sets an outside deadline for an active term as a condition of special probation as the end of the probationary term or two years after the date of conviction, whichever comes first. *Ray*, 274 N.C. App. at 247, 851 S.E.2d at 658.

Here, the trial court sentenced Defendant to 60 days of imprisonment, suspended for 24 months of supervised probation. Therefore, under section 15A-1351(a), the maximum period of confinement that could have been imposed as a condition of special probation was 15 days. In the original judgment entered 16 December 2019, the trial court ordered Defendant to serve an active term of 15 days

as a condition of special probation. By its probation violation order entered 14 March 2022, the trial court ordered Defendant to serve an additional active term of 45 days as a condition of special probation. Thus, the total period of confinement as a condition of special probation was 60 days, a duration in excess of the maximum period of confinement allowed by N.C. Gen. Stat. § 15A-1351(a).

Furthermore, Defendant pled guilty to simple assault pursuant to *Alford* on 16 December 2019. Defendant's probationary term expired on 16 December 2021. Thus, under section 15A-1351(a), the deadline for Defendant to serve an active term as a condition of special probation was 16 December 2021. By its probation violation order entered 14 March 2022, Defendant was ordered to serve an additional active term of 45 days as a condition of special probation, which was after his probation had expired and more than two years after his conviction.

Accordingly, the trial court erred by ordering Defendant to serve an active term of 45 days as a condition of special probation.

## III.   Conclusion

The trial court erred by extending Defendant's probation by 12 months after his probationary term had expired, absent a specific finding of good cause. Furthermore, the trial court erred by ordering Defendant to serve an active term as a condition of special probation. Accordingly, we vacate and remand to the trial court to determine whether good cause exists to extend Defendant's probation beyond the expiration of his probationary term.

VACATED AND REMANDED.

Judges TYSON and WOOD concur.