IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-946

Filed 1 October 2025

Burke County, No. 22CRS279047-110

STATE OF NORTH CAROLINA

v.

ANGELA MARINA SANTANA

Appeal by Defendant from judgment entered 28 February 2024 by Judge Carla Archie in Burke County Superior Court. Heard in the Court of Appeals 13 August 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Lisa R. Atwater, for the State-Appellee.*

*Sean P. Vitrano for Defendant-Appellant.*

COLLINS, Judge.

This case addresses when costs and fines imposed in a criminal case can be docketed as civil judgments. Defendant Angela Marina Santana appeals from the trial court's criminal judgment imposing costs and a $250,000 fine and ordering that they be docketed as civil judgments. Defendant petitions this Court for a writ of certiorari, which we grant, to address the civil judgments docketed as directed by the criminal judgment. Defendant argues that the trial court erred by immediately docketing the costs and fine as civil judgments. Because N.C. Gen. Stat. § 15A-1365

authorizes costs and fines to be docketed as civil judgments "[w]hen a defendant has defaulted in payment," and the trial court here had not determined that Defendant had defaulted in payment, the trial court erred by docketing Defendant's costs and fine as civil judgments. The trial court also committed a clerical error in the criminal judgment by listing trafficking fentanyl by possession on the judgment as a Class C felony as opposed to a Class E felony. We therefore vacate the civil judgments for costs and the fine. We remand the criminal judgment to the trial court to determine whether Defendant has defaulted in payment or to clarify that the costs and fine are imposed in the criminal judgment, and to correct the clerical error.

## I. Background

Defendant was charged on 5 June 2023 with trafficking methamphetamine by possession, possession with intent to sell and deliver methamphetamine, trafficking fentanyl by possession, and possession with intent to sell and deliver fentanyl. She was tried before a jury, and the jury found Defendant guilty of trafficking methamphetamine by possession, felony possession of methamphetamine, trafficking fentanyl by possession, and felony possession of fentanyl.

The trial court arrested judgment on the two possession counts. The trial court consolidated both trafficking offenses for judgment and sentenced Defendant to a term of 225-282 months' imprisonment. The trial court further orally ordered "a fine of $250,000 in the form of a civil judgment," and "cost and attorney's fees of $1,615, also in a civil judgment." The corresponding written criminal judgment stated,

"Enter civil judgment for costs + CAA fees of $1,615 + $250,000 fine." (original in all capital letters). Three separate civil judgments—one for costs, one for attorney's fees,[1] and one for the fine—were entered by the clerk of superior court on that same day. Defendant gave notice of appeal in open court.

## II. Jurisdiction

Defendant filed a petition for writ of certiorari, acknowledging that her oral notice of appeal given in open court was insufficient to appeal the civil judgments because it was not in writing as required by N.C. R. App. P. 3(a).

"The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action." N.C. R. App. P. 21(a)(1). "When contemplating whether to issue a writ of certiorari, our state's appellate courts must consider a two-factor test." *Cryan v. Nat'l Council of YMCAs of the U.S.*, 384 N.C. 569, 570 (2023). "That test examines (1) the likelihood that the case has merit or that error was committed below and (2) whether there are extraordinary circumstances that justify issuing the writ." *Id.*; *see State v. Corpening*, 276 N.C. App. 41, 43-44 (2021) (affirming that a criminal defendant may file a petition for writ of certiorari to appeal a civil judgment, so long as the defendant's application for certiorari shows "diligence in prosecuting the appeal" and "merit, or that probable

---

[1] The civil judgment for attorney's fees is not at issue in the appeal.

error was committed below") (citations omitted).

Here, Defendant diligently attempted to notice appeal and Defendant's petition shows merit. In our discretion, we grant Defendant's petition and review the merits of her appeal.

## III. Discussion

### A. Costs and Fine as Civil Judgments

Defendant first argues that the trial court erred by immediately docketing her costs and fine as civil judgments because N.C. Gen. Stat. § 15A-1365 does not authorize costs and fines to be docketed from the outset as civil judgments.

Questions of statutory interpretation are to be reviewed de novo by this Court. *State v. Rieger*, 267 N.C. App. 647, 649 (2019). Under de novo review, this Court "considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33 (2008) (quotation marks and citation omitted).

"When construing legislative provisions, this Court looks first to the plain meaning of the words of the statute itself[.]" *State v. Ward*, 364 N.C. 157, 160 (2010) (citation omitted). "When the language of a statute is clear and without ambiguity, it is the duty of this Court to give effect to the plain meaning of the statute, and judicial construction of legislative intent is not required." *State v. Morgan*, 372 N.C. 609, 614 (2019) (citations omitted).

"We are further guided . . . by the canon of statutory construction that a statute

may not be interpreted 'in a manner which would render any of its words superfluous.'" *Id.* (citation omitted). Our courts have repeatedly held that "a statute must be considered as a whole and construed, if possible, so that none of its provisions shall be rendered useless or redundant. It is presumed that the legislature intended each portion to be given full effect and did not intend any provision to be mere surplusage." *Id.* (citation omitted).

A defendant who is convicted of a crime shall be assessed costs as enumerated in N.C. Gen. Stat. § 7A-304 unless the trial court specifically makes written findings of just cause to waive or reduce those costs. N.C. Gen. Stat. § 7A-304(a) (2023). "The court may allow a defendant owing monetary obligations under [section 7A-304] to either make payment in full when costs are assessed or make payment on an installment plan arranged with the court." *Id.* § 7A-304(f) (2023).

A defendant convicted of trafficking in more than 400 grams of methamphetamine must be sentenced to an active prison term "and shall be fined at least two hundred fifty thousand dollars ($250,000)." *Id.* § 90-95(h)(3b)(c) (2023). A criminal fine "is payable forthwith" unless the court provides "for the payment to be made within a specified period of time or in specified installments." *Id.* § 15A-1362(b) (2023). "When a defendant is ordered, other than as a condition of probation, to pay a fine, costs, or both, the court may impose at the same time a sentence to be served in the event that the fine is not paid." *Id.* § 15A-1362(c) (2023). The court also may impose a "conditional show cause order" – "an order that the defendant appear, if he

fails to make the required payment, at a specified time to show cause why he should not be imprisoned." *Id.*; N.C. Gen. Stat. § 15A-1364(a) (2023).

> When a defendant who has been required to pay a fine or costs or both defaults in payment or in any installment, the court, upon the motion of the prosecutor or upon its own motion, may require the defendant to appear and show cause why he should not be imprisoned or may rely upon a conditional show cause order entered under [N.C. Gen. Stat. §] 15A-1362(c).

*Id.* § 15A-1364(a). Furthermore, "[w]hen a defendant has defaulted in payment of a fine or costs, the judge may order that the judgment be docketed. Upon being docketed, the judgment becomes a lien on the real estate of the defendant in the same manner as do judgments in civil actions." *Id.* § 15A-1365 (2023).

Neither N.C. Gen. Stat. § 90-95 nor N.C. Gen. Stat. § 7A-304 address procedures for collecting unpaid fees or fines and, accordingly, neither statute specifically authorizes or prohibits entry of costs or a fine as a civil judgment at the time of sentencing. On the other hand, N.C. Gen. Stat. § 15A-1365 directly addresses procedures for collecting unpaid fees and fines and specifically authorizes a judge to docket costs or a fine as a civil judgment "[w]hen a defendant has defaulted in payment." *Id.* Interpreting N.C. Gen. Stat. § 90-95 or N.C. Gen. Stat. § 7A-304 to authorize a judge to immediately docket a fine or costs as a civil judgment would render useless section 15A-1365's provision that a civil judgment may be docketed "[w]hen a defendant has defaulted in payment of a fine or costs." *Id.*

Furthermore, had the general assembly intended to authorize costs and fines

to be immediately docketed as civil judgments, it could have done so as it did with attorney's fees. *See id.* § 7A-455(b) (2023) ("In all cases the court shall direct that a judgment be entered . . . for the money value of services rendered by assigned counsel, the public defender, or the appellate defender, plus any sums allowed for other necessary expenses of representing the indigent person. . . ."); *see also State v. Jacobs*, 172 N.C. App. 220, 235 (2005) (affirming that under N.C. Gen. Stat. § 7A-455(b), "the trial court may enter a civil judgment against a convicted indigent defendant for the amount of fees incurred by the defendant's court-appointed attorney").[2]

Here, the State argues that section 15A-1365's permissive language—"when a defendant has defaulted in payment of a fine or costs, the judge *may* order that the judgment be docketed"—"makes clear that the judgment need not be docketed until default." (emphasis in original). We disagree. This permissive language allows, but does not require, a judge to docket costs or fines as a civil judgment "[w]hen a defendant has defaulted in payment." N.C. Gen. Stat. § 15A-1365. The permissive language does not relate to a judge's authority to do so at the outset.

The trial court consolidated both trafficking offenses for judgment and imposed the mandatory sentence for trafficking in methamphetamine by possession: a term of 225-282 months' imprisonment along with a $250,000 fine. *Id.* § 90-95(h)(3b)(c). The trial court also imposed court costs on Defendant. In its judgment, the trial court did

---

[2] Although Defendant did not argue this on appeal, we note that in the instant case, the trial court did not err by docketing the monies Defendant owed in attorney's fees as a civil judgment.

not indicate whether the costs were to be paid in full immediately or were to be paid pursuant to an installment plan. *See id.* § 7A-304(f). The judgment also did not provide for the fine to be paid within a specific period of time or in specified installments; the fine thus was due in full immediately. *See id.* § 15A-1362(b). However, without first determining that Defendant had defaulted in payment of the costs or fine, the trial court ordered that the costs and fine be docketed as a civil judgment, and corresponding civil judgments were entered. The trial court had no statutory authority to docket Defendant's court costs and fine as a civil judgment without first determining that Defendant had defaulted in payment.

Furthermore, entry of the $250,000 fine as a civil judgment prejudiced Defendant. Our general statutes do not authorize the recovery of interest on a criminal fine; however, a money judgment bears interest from the date of entry. *Id.* § 24-5(b) (2023) ("Any other portion of a money judgment in an action other than contract, except the costs, bears interest from the date of entry of judgment under [N.C. Gen. Stat. §] 1A-1, Rule 58, until the judgment is satisfied."). Here, the impact on Defendant, who is both indigent and serving an active sentence, of a money judgment of this size bearing interest is substantial. As of 8 January 2025, $17,260.27 in interest had accrued on the civil judgment for Defendant's $250,000 criminal fine.

We therefore vacate the civil judgments for costs and the fine and remand the criminal judgment to the trial court.

We recognize that it may be common practice for courts in criminal cases to immediately docket court costs and fines as civil judgments without first determining that the defendant has defaulted in payment. Amending our general statutes to reflect this practice lies within the purview of the Legislature and not the courts.

**B. Clerical Error**

Defendant next argues, and the State agrees, that the notation on the judgment listing trafficking fentanyl by possession as a class C felony is a clerical error that should be corrected on remand. Upon review, we agree.

"[A]n error on a judgment form which does not affect the sentence imposed is a clerical error, warranting remand for correction but not requiring resentencing." *State v. Gillespie*, 240 N.C. App. 238, 245-46 (2015) (citations omitted). "When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record speak the truth." *State v. Smith*, 188 N.C. App. 842, 845 (2008) (quotation marks and citation omitted).

Here, the trial court consolidated both trafficking offenses for judgment and imposed the mandatory sentence for trafficking in methamphetamine by possession. The trial court's judgment erroneously listed the offense of trafficking in fentanyl as a class C felony. The offense for which Defendant was convicted is a class E felony. N.C. Gen. Stat. § 90-95(h)(4)(b) (2023). However, because the trial court imposed the mandatory sentence for trafficking in methamphetamine by possession, and not for

trafficking in fentanyl, this error did not affect the sentence imposed. Accordingly, we remand the matter to the trial court so it may correct this clerical error identified by the parties.

## IV.   Conclusion

The trial court erred by ordering that the costs and fine imposed on Defendant be docketed as civil judgments. The trial court made a clerical error by listing trafficking fentanyl by possession on the judgment as a Class C felony. Accordingly, we vacate the civil judgments for court costs and the fine. We remand the criminal judgment to the trial court to determine whether Defendant has defaulted in payment, at which point the trial court may enter new civil judgments, or to clarify that the costs and fine are imposed in the criminal judgment, and to correct the clerical error.

VACATED IN PART AND REMANDED.

Chief Judge DILLON and Judge WOOD concur.