An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-224

Filed 21 January 2026

Dare County, Nos. 18CR051587-270, 19CR050210-270, 19CR050212-270

STATE OF NORTH CAROLINA

v.

ELDON WOODROW MONTAGUE

Appeal by Defendant from Judgment entered 7 August 2024 by Judge Jerry R. Tillett in Dare County Superior Court. Heard in the Court of Appeals 16 October 2025.

*Attorney General Jeff Jackson, by Special Deputy Attorney General Llogan R. Walters, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Sterling Rozear, for Defendant-Appellant.*

HAMPSON, Judge.

**Factual and Procedural Background**

Eldon Woodrow Montague (Defendant) appeals from a Judgment entered 7 August 2024 revoking his probation and activating his suspended sentence after his probationary period expired. The Record before us tends to reflect the following:

On 26 June 2019, Defendant pleaded guilty to two counts of Felony Larceny and one count of Larceny by Employee. The trial court sentenced Defendant to three consecutive terms of 10 to 21 months imprisonment, then suspended the sentence and placed Defendant on supervised probation for 36 months. On 14 February 2022, after probation violation reports were filed, the trial court extended Defendant's probation for 24 months.

In March 2024, Defendant's probation officer filed two violation reports, alleging Defendant had failed to make himself available for supervision and had absconded. Defendant was arrested and served with the violation report for absconding on 25 April 2024. Defendant's probationary period ended on 26 June 2024.

The trial court held a hearing on Defendant's alleged probation violations on 7 August 2024, about six weeks after his probation expired. The trial court found Defendant had violated his probation by absconding, revoked Defendant's probation, and activated his suspended sentence. Defendant gave Notice of Appeal in open court.

## Issue

The dispositive issue on appeal is whether the trial court erred in revoking Defendant's probation after the expiration of the probationary period without finding "good cause" pursuant to N.C. Gen. Stat. § 15A-1344(f)(3).

## Analysis

Defendant argues the trial court erred when it revoked his probation after his probationary period expired without first finding "good cause" as required by N.C.

Gen. Stat. § 15A-1344(f)(3) and the Judgment should be vacated without remand because the Record does not contain sufficient evidence to support the conclusion that good cause existed to revoke his probation after it had expired. Although the State concedes the trial court did not make a finding of "good cause" pursuant to Section 15A-1344(f)(3), the State argues we should remand the case to the trial court for a good cause determination.

Whether a trial court has the authority to revoke a defendant's probation after the defendant's probationary term has expired is a jurisdictional question, which we review de novo. *State v. Geter*, 383 N.C. 484, 488-89, 881 S.E.2d 209, 213 (2022) (citations omitted).

Generally, a trial court is without jurisdiction to revoke a defendant's probation "after the expiration of the period of probation except as provided in G.S. 15A-1344(f)." *State v. Camp*, 299 N.C. 524, 527, 263 S.E.2d 592, 594 (1980) (citations omitted). Section 15A-1344(f) provides that a trial court may revoke probation after the probationary period expires only if all of the following apply:

> (1) Before the expiration of the period of probation the State has filed a written violation report with the clerk indicating its intent to conduct a hearing on one or more violations of one or more conditions of probation.
>
> (2) The court finds that the probationer did violate one or more conditions of probation prior to the expiration of the period of probation.
>
> (3) The court finds *for good cause shown and stated* that the probation should be extended, modified, or revoked.

N.C. Gen. Stat. § 15A-1344(f)(1)-(3) (2023) (emphasis added).

In *State v. Morgan*, our Supreme Court held a trial court improperly revoked a defendant's probation after his probationary period ended by not "making a specific finding that good cause existed to do so despite the expiration of his probationary period." 372 N.C. 609, 613, 831 S.E.2d 254, 257 (2019). The Court explained "the specific finding described in [N.C. Gen. Stat. § 15A-1344(f)(3)] must actually be made by the trial court and such a finding cannot simply be inferred from the record." *Id.* at 616, 831 S.E.2d at 259 (citation omitted).

Here, the parties agree the trial court did not make a finding of good cause to revoke Defendant's probation after it expired. Thus, because the trial court failed to make this statutorily mandated finding, it lacked jurisdiction to revoke Defendant's probation and activate his suspended sentence. *See Camp*, 299 N.C. at 527, 263 S.E.2d at 594; *State v. Bryant*, 361 N.C. 100, 103, 637 S.E.2d 532, 534 (2006) ("In the absence of statutorily mandated factual findings, the trial court's jurisdiction to revoke probation after expiration of the probationary period is not preserved.").

Accordingly, "the only remaining question is whether remand to the trial court is appropriate for it to determine whether good cause exists to revoke [D]efendant's probation despite the expiration of his probationary period and, if so, to make an appropriate finding of fact as required by subsection (f)(3)." *Morgan,* 372 N.C. at 617, 831 S.E.2d at 260.

Like the *Morgan* Court, "we are unable to say from our review of the record that no evidence exists that would allow the trial court on remand to make a finding of 'good cause shown and stated' under subsection (f)(3)." *Id.* at 618, 831 S.E.2d at 260. Therefore, we remand the matter to the trial court to determine whether the evidence supports the required finding of good cause, and if so, to make a finding in compliance with N.C. Gen. Stat. § 15A-1344(f)(3). *See id.* (remanding with these instructions).

## **Conclusion**

Accordingly, for the foregoing reasons, the Judgment revoking Defendant's probation and activating his suspended sentence is vacated and this matter is remanded to the trial court.

VACATED AND REMANDED.

Judges CARPENTER and FREEMAN concur.

Report per Rule 30(e).