An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-118

Filed 4 March 2026

Cabarrus County, No. 23CR000177-120

STATE OF NORTH CAROLINA

v.

BYRON LANCE ALLMAN, Defendant.

Appeal by defendant from judgment entered 25 July 2024 by Judge Patrick Thomas Nadolski in Cabarrus County Superior Court. Heard in the Court of Appeals 18 November 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Sean K. Lloyd, for the State.*

*Cooper Strickland, for Defendant-Appellant.*

DILLON, Chief Judge.

Defendant Byron Allman appeals from judgment revoking his probation.

## I. Background

In October 2022, Defendant received a suspended sentence after pleading guilty to two charges and was placed on community probation for twelve months. Four months later, in February 2023, Defendant was arrested for various offenses.

In March 2023, a probation violation report was filed alleging various technical violations and new criminal offenses in connection with the February 2023 arrest.

On 19 October 2023, Defendant's probation period expired. On 8 January 2024, Defendant was indicted for the criminal offenses allegedly committed in February 2023. Six months later, in July 2024, Defendant pleaded guilty to two of the February 2023 criminal offenses. The trial court imposed a suspended sentence and placed Defendant on intermediate probation for twenty-four months. Defendant's probation revocation hearing based on the March 2023 violation report was held in July 2024 after he pleaded guilty to the February 2023 offenses, but nine months after his probation expired. The trial court revoked Defendant's probation. Defendant appealed.

## II. Analysis

Defendant argues the trial court erred by revoking his probation after the expiration of his probationary period without a finding of good cause pursuant to N.C. G. S. § 15A-1344(f)(3). The State concedes, and we agree.

Our General Statutes provide required elements upon which a trial court may revoke probation after the probationary period has expired:

> (1) Before the expiration of the period of probation the State has filed a written violation report with the clerk indicating its intent to conduct a hearing on one or more violations of one or more conditions of probation.
>
> (2) The court finds that the probationer did violate one or more conditions of probation prior to the expiration of

the period of probation.

> (3) The court finds for good cause shown and stated that the probation should be extended, modified, or revoked.

N.C.G.S. § 15A-1344(f).

To comply with N.C.G.S. § 15A-1344(f)(3), the trial court must state the good cause found "on the record, either in open court by the trial court, by a party with the trial court's endorsement, or within the trial court record." *State v. Geter*, 383 N.C. 484, 491 (2022). Here, the record is simply devoid of any finding by the trial court of good cause to revoke Defendant's probation after its expiration. Therefore, we agree with both Defendant and the State the judgment must be vacated.

Next, we must determine whether the proper remedy is to simply vacate or vacate and remand to allow the trial court an opportunity to consider the good cause prong. Where the trial court fails to comply with the requirements in N.C.G.S. § 15A-1344(f), "we proceed to determine whether the record contain[s] sufficient evidence to permit the necessary finding of 'reasonable efforts' by the State to have conducted the probation revocation hearing earlier." *State v. Morgan*, 372 N.C. 609, 618 (2019).

We agree with the State that there is evidence from which the trial court could find good cause exists. Specifically, Defendant pleaded guilty in July 2024, nine months after Defendant's probation expired, to committing crimes in February 2023, which occurred during Defendant's period of probation; and the probation revocation hearing was heard almost immediately after Defendant pleaded guilty.

III.    Conclusion

We conclude the trial court erred by failing to make the required finding of good cause to revoke Defendant's probation after the expiration of his probationary term. We remand the matter to the trial court to consider the good cause prong.

VACATED AND REMANDED.

Judges STROUD and TYSON concur.

Report per Rule 30(e).